In re VROOMAN'S ESTATE.

No. 34765. Feb. 5, 1952.

240 P. 2d 754.

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for appellant.

Eldon J. Dick, and Lou Etta Bellamy Dick, Tulsa, for appellees.

GIBSON, J. Roscoe Lee Vrooman departed this life on August 6, 1949. On March 3, 1950, one Jewel O. Judkins, in the county court for Tulsa county, filed her petition for appointment as administratrix of the estate of the deceased, alleging that she was a creditor of the estate and entitled to recover damages by reason of injuries sustained by her because of the negligence of deceased in the operation of an automobile on a public highway. It was further alleged that the widow of decedent and other persons entitled to petition for letters of administration had failed, neglected and refused to petition therefor.

On the same day Margaret E. Vrooman, widow of deceased, filed her contest, and requested that she be granted letters of administration in the event the court should determine that the adverse parties were creditors entitled to petition for such letters.

Pursuant to notice a hearing was had, and on April 3, 1950, Margaret E. Vrooman was appointed administratrix, and it appearing that the value of the estate was less than $1,500, a summary distribution of the estate was had and the entire estate was set over for the use and benefit of the surviving widow and children. It was further ordered "that no further administrative action herein be taken until further order of court."

The administratrix appealed to district court, where a trial was had. The pertinent part of the judgment there rendered is as follows:

"Wherefore it is ordered, adjudged and decreed that the entire estate be set over to the widow and surviving children as set out in the order of the County Court and that the administratrix not be discharged."

In this court it is urged that the trial court erred as a matter of law in refusing to discharge the administratrix, and that the statutes, 58 O.S. 1951, §§317, 595, and 691, require that the administratrix be discharged when the order on the final account disposed of the entire estate. Tit. 58 O.S. 1951 §317 provides:

"If, upon the return of the inventory of the personal estate of an intestate, it appears that the value of the whole personal estate does not exceed the sum of fifteen hundred dollars, the county court, by a decree for that purpose, must assign for the use and support of the widow and minor child, or children, if there be a widow or minor child, and if no widow then for the children, if there be any, the whole of such personal estate, after the payment of the funeral expenses, the expenses of the last sickness, and expenses of the administration, and there must be no further proceedings in the administration unless further estate be discovered; and when it so appears that the value of the whole estate does not exceed the sum of three thousand dollars, it is in the discretion of the county court to dispense with the regular proceedings, or any part thereof prescribed in this article, and there must be had a summary administration of the estate, and an order of distribution thereof at the end of six months after the issuing of letters; the notice to creditors must be given to present their claims within four months after the first publication of such notice, and those not so presented are barred as in other cases."

The county court found that expenses of the last illness and of the funeral had been paid. Appellant argues that the word "must" with reference to further proceedings after summary administration and distribution of the estate is had, is mandatory and that the court has no discretion in refusing to discharge the administratrix.

In the construction of statutes the courts often have held that "must" and "shall" are merely directory. In re Chadbourne's Estate, 15 Cal. App. 363, 114 P. 1012, and cases cited therein; In re Atkins' Estate, 121 Cal. App. 251, 8 P. 2d 1052; Jones v. Palmer, 215 N. C. 696, 2 S. E. 2d 850; In re Thurber's Estate, 162 N. Y. 244, 56 N. E. 631, are all cases in which statutes on probate procedure are construed.

In Pleasant Grove Union School Dist. v. Algeo, 61 Cal. App. 660, 215 P. 726, the California court stated the rule as to use of "shall" and "must" as follows:

". . . In ordinary parlance the words 'shall' and 'must' are compulsory in meaning, and as used in statutes are generally mandatory, although such construction is not imperative, and may be construed to mean 'may' when no right or benefit depends upon the imperative use, or when no public or private right is lost, or when such construction is necessary to prevent the infliction of wrong or the interference with a vested right, etc. On the other hand, it appears that if public policy is in favor of the imperative meaning,

the words referred to will be held mandatory."

In the instant case the administratrix testified that she did not know of any rights, public or private, that would be lost if she were not discharged as administratrix and that she had no idea that the continuance of the estate would injure her individually or as administratrix.

In Hickman v. Barrett, 175 Okla. 262, 52 P. 2d 40, this court said:

". . . The courts are very reluctant to announce that the administrator or executor is without further official power so long as there is anything remaining to be done for the benefit of the estate. 23 C.J. 1094; Woerner American Law of Administration (2d Ed.) vol. 2, sec. 571; Hazlett v. Blakely's Estate, 70 Neb. 613, 97 N. W. 808. In the Ohio case of Weyer v. Watt, 48 Ohio St. 545, 28 N. E. 670, it was held that the executor of an estate could maintain an action against the maker of a promissory note, although the probate court prior to that time had discharged him; this was on the theory that the court had no power or authority to discharge him until the affairs of the estate were completely administered. It is not necessary for us to go that far, for here we have no final discharge."

In the instant case we are unable to say, from the record, whether or not there is anything to be done for the benefit of the estate. The county court did not assign any reason for his order that no further administrative action should be taken until further order of the court. Although the final account was approved in the summary proceedings, it was revealed in the district court trial that several small items of additional assets were discovered and the administratrix desired to add them to her final account. There is no evidence in the record to advise us whether the estate might be benefited or injured by leaving the administration proceedings pending until further order of the court.

Section 317 of the statute says that after vesting the estate and finding that the expense of last illness and of administration to have been paid "there must be no further proceedings . . . unless further estate be discovered." The orders of the county and district courts are in conformity with that provision. There is no provision that the administratrix "must" be discharged. It is implied, at least, that she will not be immediately discharged if there is any likelihood of discovery of a further estate.

In her testimony it is revealed that the widow was not familiar with the business activities of her deceased husband. That is no uncommon situation.

We hold that the use of the word "must" in the statute with reference to the suspension of proceedings of administration does not render it mandatory that the administratrix be discharged, but that the county court has discretionary powers to decide when it is proper to enter an order of discharge.

Affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.