COUNTY COMMISSIONERS — HIGHWAY CONSTRUCTION AND REPAIR CONTRACTS When the Board of County Commissioners proposes to enter into a contract to secure road surfacing materials laid in place on county highways, the contract price to include both the cost of the materials and of the labor for laying said materials in place, such proposed contract would be a contract for construction, reconstruction, replacement, major repairs, or repairs not constituting major repairs. Such proposed contract would not be a contract for road materials alone, and could not be let as a contract for road materials. Furthermore, if, under the facts of the particular case, the said work is construction work, said contract must be let pursuant to competitive bidding as and in the manner provided by 69 O.S. 1101 [69-1101] (1969). If, under the facts of the particular case, the said work is culvert or bridge construction, development of a grade or drainage project, or reconstruction, replacement or major repairs, with an estimated cost of Two Thousand Five Hundred Dollars ($2,500), or more, bids must be requested in the manner provided in 69 O.S. 633 [69-633](a) (1969), one such requirement being that the project shall be advertised for bids as provided in 69 O.S. 1101 [69-1101] (1969). The Attorney General has had under consideration your request for an opinion wherein you in effect state: The Board of County Commissioners has published a request for bids for certain road bridge materials, including "ASPHALTIC OIL: Price per gal. in place on Payne County Road Projects," and "ASPHALT SURFACE COURSE (HOT MIX-COLD LAID)." These appear to be requests for a general bid to do contractual work in that they request a general price for materials, labor, rent of machines, etc. You then, in effect, ask the following question: In requesting such bids must the Board of County Commissioners abide by the provisions of 69 O.S. 633 [69-633](a) (1969) and 69 O.S. 1101 [69-1101] (1969)? Title 69 O.S. 633 [69-633] (1969), provides in part: "(a) When any culvert or bridge is to be constructed, or grade and drainage project is to be developed, or reconstruction, replacement or major repairs are to be accomplished by the Board of County Commissioners acting alone or in cooperation with the State or Federal Government, at an estimated cost of Two Thousand Five Hundred Dollars ($2,500) or more, in either event, engineering plans and specifications shall be prepared and adopted for the project to insure sound engineering practices. The project shall be advertised for bids as provided for in Section 1101 of this Code, and the contract shall be let only after such notice at public letting. . ." (Emphasis added) Title 69 O.S. 1101 [69-1101] (1969), provides in part: "(a) All contracts for construction work upon the State Highway System shall be let to the lowest responsible bidder, or bidders, after notice of publication in a newspaper published in the county where the work is to be done in two consecutive weekly issues of the newspaper; provided, that in all cases where the project advertised shall be for the construction of more than eight miles of road such advertisement shall provide for bids on sections of the road not to exceed eight miles as well as on the project as a whole, and such contract shall then be let so as to provide for the most economical construction of the project. Each bid shall be accompanied by a certified or cashier's check equal to five percent (5%) of the bid or Ten Thousand Dollars ($10,000.00), whichever is the smaller, which shall be deposited with the Commission as a guaranty, and forfeited to the State Treasurer to the credit of the State Highway Maintenance and Construction Fund, in the event the successful bidder fails to comply with the terms of the proposal, and returned to the successful bidder on execution and delivery of the bond herein provided for, and the checks of unsuccessful bidders shall be returned to them in accordance with the terms of the proposal. . . . . "(d) The provisions of this section shall apply with equal force to the Boards of County Commissioners of the various counties, in all matters pertaining to the county highways, with the exception that the bond shall run to the county instead of the State, and the forfeitures shall be paid to the County Treasurer for credit to the County Highway Fund, and the same right, discretion and option given the Commission over contracts and bids, in all matters pertaining to State highways by the provisions of this Section is hereby given to the Board of County Commissioners over county highways; provided, that nothing in this Section shall be construed to deny the right of the Boards of County Commissioners to hard surface county highways, and build bridges thereon out of county highways funds. . . ." (Emphasis added) In In re Vrooman's Estate,206 Okl. 8, 240 P.2d 754 (1952), the court stated: "words 'shall' and 'must' are generally mandatory when used in statutes. . . ." Therefore, the requirements of the above statutes are mandatory. In an opinion dated December 15, 1955, to the Honorable Scott Burson, State Examiner and Inspector, it was stated: ". . . a contract for road materials laid in place, the contract cost including the cost of the labor for laying same in place, is obviously not a contract for road material alone. . . "Depending upon the facts in each particular case, a contracts for surfacing materials laid in place might be a contract for construction, reconstruction, replacement, major repairs, or repairs not constituting major repairs." In the above cited opinion and in Attorney General's Opinion No. 65-339, the statutory provisions which are now codified as 69 O.S. 1101 [69-1101] (1969), were considered. Both opinions held that if the Board of County Commissioners enter into a contract for road surface materials laid in place on county highways, the contract price to include both the cost of the materials and of the labor for laying said materials in place, then, if, under the particular circumstances the work constitutes construction work, said contract must be let pursuant to competitive bidding as and in the manner provided by the statutory provisions now codified as Section 1101. Therefore, it is the opinion of the Attorney General that when the Board of County Commissioners proposes to enter into a contract to secure road surfacing materials laid in place on county highways, the contract price to include both the cost of the materials and of the labor for laying said materials in place, such proposed contract would be a contract for construction, reconstruction, replacement, major repairs, or repairs not constituting major repairs. Such proposed contract would not be a contract for road materials alone, and could not be let as a contract for road materials. Furthermore, if, under the facts of the particular case the said work is construction work, said contract must be let pursuant to competitive bidding as and in the manner provided by 69 O.S. 1101 [69-1101] (1969). If, under the facts of the particular case, the said work is culvert or bridge construction, development of a grade or drainage project, or reconstruction, replacement or major repairs, with an estimated cost of Two Thousand Five Hundred Dollars ($2,500), or more, bids must be requested in the manner provided in 69 O.S. 633 [69-633](a) (1969), one such requirement being that the project shall be advertised for bids as provided in 69 O.S. 1101 [69-1101] (1969). (Max A. Martin)