The CITY OF NORMAN, Oklahoma, a municipal corporation, Appellant,

v.

Harold LIDDELL, an Individual, and Glenn D. Dickinson, an Individual, and American First Title & Trust Company, a corporation, Appellees.

No. 51000.

Supreme Court of Oklahoma.

June 19, 1979.

Michael McKee, City Atty., Norman, for appellant.

Harold Heiple, Norman, for appellees Liddell and Dickinson.

Jerry L. Hemry, Oklahoma City, for appellee American First Title & Trust Co.

DOOLIN, Justice:

Defendants Liddell and Dickinson (owners) submitted plans to City Council of City of Norman (City) to subdivide and plat certain property in Norman, Oklahoma, for a mobile home park. City approved the plans contingent upon the construction of improvements in the subdivision, including the construction of sidewalks. In lieu of immediate actual completion of improvements, owners elected to file a surety bond pursuant to Norman ordinances.

On May 19, 1971, defendant American First Title and Trust Company (surety) executed the surety bond. The bond provided in part:

> "NOW, THEREFORE, if the PRINCIPAL shall, within two (2) years from date of approval of the final plat of the subdivision, faithfully install and complete improvements and utilities in the subdivision according to requirements or ordinances, approved plans, specifications and subdivision rules and regulations of the CITY, and pay all bills for contractors, sub-contractors, labor and materials incurred in completion thereof and shall hold harmless and indemnify the CITY and all interested property owners against liability, loss or damage by reason of failure of PRINCIPAL to faithfully perform the conditions hereof, then this obligation shall be null and void, otherwise to remain in full force and effect; provided, however, that actions upon this bond by contractors, sub-contractors, laborers or materialmen shall be limited to six months from and after completion of the improvements and utilities above referred to."

On June 15, 1971, City approved the final plat.

City instituted the present action on October 4, 1976, alleging owners wholly failed

to construct and install sidewalks within two years as required. It further alleged surety refused to make payment under its obligations on the bond and thus was guilty of a breach of the surety agreement. City sought specific performance on the part of owners or in the alternative a judgment on the bond for $7,000.00 to be used in construction of the sidewalks by City. Defendants filed separate demurrers on the basis the petition showed on its face the statute of limitations had run on the bond. Trial court sustained the demurrers and the case was dismissed. City appeals.

City ordinance # 1890 includes the following provisions:

"In the event the owner or developer elects to proceed under 4b above,[1] he shall post with the City Clerk a corporate surety bond (for a term of not to exceed two [2] years) subject to approval of Counsel to the City, in an amount equal to the entire cost of installing and constructing sidewalks, on both sides of the street, in any given block within which a residential structure is to be commenced, said bond being conditioned that at such time as 65% of the lots or parcels of land within said block have been developed, or prior to the expiration of said bond, whichever event first occurs, said developer shall or will have completed, installed and constructed sidewalks within said block to serve each and every lot or parcel of land thereon situated, provided, however, the owner or developer may apply to the City Commission for extensions or renewals of the time within which such sidewalks must be installed and constructed, and, after public hearing on such application, the Commission may grant extensions of time, provided that such extensions shall not take effect un-

less and until the corporate surety bond is renewed or extended co-equally in time with such extension of time within which said sidewalks must be installed and constructed.

In the event the sidewalks have not been completed as required herein, and the owner or developer has not applied for an extension of time within which he might complete the same, the Counsel to the *City shall, prior to the expiration of the bond, institute an action against both the principal and the surety to recover the necessary cost and expense to install and construct the balance of the sidewalks required* within such subdivision, and after recovering said cost . and expense, the City shall utilize said recovery to complete the installation of the sidewalks within the subdivision concerned." (Emphasis supplied).

Defendants support their demurrer by arguing under the emphasized portion of this ordinance a suit on the bond must be initiated prior to its expiration. City, on the other hand, claims the five year limitation of 12 O.S.1971 § 95 (First)[2] should be applied with it running from the date of breach of a condition of the bond, in this case being at the time the two (2) year limit for completion expired.

■ Ordinarily an action will not lie on a bond until a breach of the condition of the bond occurs.[3] The cause of action does not accrue until that time, and the statute of limitation begins to run at that time.[4] Under the above ordinance owners are given two years to complete improvements. If the ordinance is strictly construed, suit should have been brought before the bond expired.

1. 4b provides:

Sidewalks are to be installed after each lot is improved rather than when streets are installed.

2. § 95. Limitation of other actions.—Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

First. Within five (5) years: An action upon any contract, agreement or promise in writing.

3. See 11 C.J.S. Bonds § 103; 54 C.J.S. Limitations of Actions § 148; *Howard v. Jeffrey,* 268 P.2d 897 (Okl.1953).

4. *Oklahoma Brick Corporation v. McCall,* 497 P.2d 215 (Okl.1972); Also see *Seidenbach's v. Underwood,* 178 Okl. 624, 63 P.2d 950 (Okl. 1937).

 The ordinance in effect provides sidewalks must be completed by the time 65% of the lots have been developed *or* within two years of the approval of the bond whichever is first. If 65% of lots are not developed owners have two years for performance before surety is liable on the bond; breach of condition of the bond thus might not occur until the two years expired. Construing the clause as a statute of limitations could bar the remedy before the cause of action accrued. This is clearly unconstitutional.[5]

 Although the word "shall" is generally indicative of a mandatory action, a statute, or as in this case an ordinance, will be construed as directory if that appears to be the legislative intent. Construction which would render the legislation absurd must be avoided; rational constructions are favored if language fairly permits.[6] Further when there are two possible interpretations of legislation, one of which would render it unconstitutional, this court should adopt the alternative construction which will uphold it.[7]

 It would be absurd to interpret this ordinance to allow a suit to be instigated at any time within two years after approval of the plat and prior to breach. It would be unconstitutional to bar a remedy before it arises. Accordingly we hold the provision in ordinance stating City shall institute an action prior to expiration of the bond to recover cost of uncompleted sidewalks is not a statute of limitations but merely a directory provision and non-compliance does not bar the action.

Demurrer of defendants raised the defense of the statute of limitations if petition showed on its face that the cause of action is barred. The present petition does not show exactly when the condition of the bond were breached.[8] Therefore, demurrer was improperly sustained.

REVERSED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurs in result.

---

5. See *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P.2d 143 (Okl.1977); Art. 5 § 46 Constitution of State of Oklahoma. *City of Tulsa v. McIntosh*, 141 Okl. 220, 284 P. 875 (1930).

6. *In re Vrooman's Estate*, 206 Okl. 8, 240 P.2d 754 (1954); *John C. Winston Co. v. Vaughan*, 11 F.Supp. 954 (W.D.Okl.1935) affmd. *Vaughan v. John C. Winston Co.*, 83 F.2d 370 (10th Cir. 1936); *City of Enid v. Champlin Refining Co.*, 112 Okl. 168, 240 P. 604 (1925).

7. *Ruble v. Redden*, 517 P.2d 1124 (Okl.1973).

8. See *Howard v. Jeffrey*, 268 P.2d 897 (Okl. 1954).