**TEXACO, INC., a corporation, Appellee,**

v.

**The CITY OF OKLAHOMA CITY, Oklahoma, a Municipal Corporation, Appellant.**

**No. 52105.**

Supreme Court of Oklahoma.

Nov. 12, 1980.

J. Frederick Lawson, Tulsa, for appellee.

Walter M. Powell, Municipal Counselor, Mary Lu T. Gordon, Asst. Municipal Counselor, Oklahoma City, for appellant.

SIMMS, Justice:

This is an appeal from a declaratory judgment in favor of Texaco, plaintiff below. The material facts are not disputed. On March 31, 1970, the City of Oklahoma City (appellant) created, by ordinance, Sewer Improvement District No. 1149 pursuant to 11 O.S.Supp.1969, §§ 270.1, 270.29.[1] On May 25, 1971, appellant adopted and published the Assessment Roll indicating the proportionate cost attributable for such improvements to property owners. Texaco (appellee), as lessee, was responsible for assessments to its leased property.

On July 28, 1971, Texaco tendered to appellant $1,246.00, the amount due for its assessment. Appellant returned Texaco's check, explaining that it could only accept full payment without interest on or before June 25, 1971 (30 days after adoption of the Assessment Roll), and that the amount due is therefore now payable only in 10 annual installments at 7% annual interest.

Texaco, saying it wished to pay the full amount at one time, on August 27, 1971, tendered payment to appellant in the amount of $1,269.64. This amount represented the principal amount due, plus 7% interest accrued thereon to September 1, 1971 ($23.64). This tender was again refused by appellant, except for an amount withheld equal to the installment due for that year.

On August 1, 1972, Texaco filed a petition for declaratory judgment against appellant. Texaco claimed that it was entitled to pay and discharge in full the assessment by payment of the principal amount plus accrued interest as of the next succeeding payment date. By this method, Texaco could save the interest due for the remaining 9 years' installments, for a total interest savings of $392.40.

Appellant claimed that only two methods of payment are allowed by statute. Texaco either had to pay the full assessment with no interest within 30 days from the publication of the Assessment Roll, or it must pay in 10 annual installments at 7% annual interest.

Title 11, O.S.Supp.1969, §§ 270.20 and 270.25 provide as follows:

§ 270.20 "Assessments . . . shall be payable in ten (10) equal installments, and shall bear interest at the rate of seven per cent (7%) per annum until paid, payable in each year at such time as the several installments are made payable . . . . Said ordinance shall provide that the owners of the property so assessed shall have the privilege of paying the amounts of their respective assessments without interest within thirty (30) days from the date of the publication of such ordinance . . . "

§ 270.25 "The assessments provided for and levied under the provisions of this Act shall be payable as the several installments become due, together with the interest thereon, to the clerk of such city or town who shall give proper receipts for such payments, and credit the same upon the assessment record . . . "

The trial court held, inter alia, that the word "shall" in the statutes is to be construed as "may"; that the provisions for payment are a matter of convenience rather than a substantive part of said statutes; that the taxpayer is given on option to pay all assessments within 30 days without interest, or to pay the installments with interest, or to pay in installments a part of the time and all of the balance at any time with interest up to the due date of the next succeeding installment; and therefore Texaco was entitled to discharge the assessments in full by payment of the principal amount, plus accrued interest as of the installment that would have become payable September 1, 1971.

---

1. Now codified as 11 O.S.Supp.1979, §§ 37–201 thru 37–228.

Appellant claims that the trial court erred in allowing a method of payment not specifically provided for in the statute. Appellant asserts that the word "shall" means "shall" in the statute, that it is unambiguous, and that it shows a clear legislative intent that the two methods of payment described in the statute are exclusive.

We have held that the words "shall" and "must" are generally mandatory when used in statutes, but can be construed to mean "may" when no right or benefit depends upon the imperative use, when no public or private right is lost, or if such a reading would lead to great inconvenience. *In Re Vrooman's Estate, 206 Okl. 8, 240 P.2d 754 (1952); City of Norman v. Liddell, Okl., 596 P.2d 879, 882 (1979).*

In the case at bar, appellant has asserted no public right or benefit that would be lost by allowing the property owner to pay the full assessment plus accrued interest at the next installment date. 11 O.S.1971, § 270.-23 directs the city to issue bonds after 30 days from the publication of the assessing ordinance to pay for those assessments which have not been paid by that time. These bonds are to accrue interest at the rate of 6% annually. The landowner's obligation accrues interest at the rate of 7% annually. 11 O.S.1971, § 270.20.

Allowing the landowner to pay the assessment in full plus interest accrued at the next installment date would only result in a loss to the city if the city were required to pay the interest on the bonds for the entire 10 year period. This is not, however, the case under the statutes. 11 O.S.1971, § 270.23 provides:

" . . . The city or town shall have the right to call and pay in numerical order said bonds or any number thereof in the following manner: Whenever there shall be sufficient funds in the hands of the city or town treasurer after the payment of all interest due within the next six (6) months, such treasurer shall on or before March 10 and September 10 of any year give notice . . . that there has accumulated funds sufficient to pay the designated bonds, and interest thereon to April 1 next or October 1 next, as the case may be, and directing the presentation of such bond or bonds for payment and cancellation, and *said bond or bonds will cease to bear interest* after said April 1 next or said October 1 next, as the case may be." [E.A.]

The city has not demonstrated economic loss. It can discharge its obligation on the bonds anytime it has the money to do so as long as the city gives notice to bondholder as provided in § 270.23. There is no economic loss to the city if the landowner is allowed to pay his assessment in full plus accrued interest at any installment date. The city can take that money and use it to discharge its obligation on the bonds in that year. The city's only loss is the 1% difference in interest that would accrue in later years. Such loss is more illusory than real, since the city is thereby relieved of the administrative burden of collecting the unpaid assessments for those later years.

We therefore find no public right or benefit that is lost by allowing the landowner to discharge his obligation in any year upon basically the same terms that the city is allowed to discharge its bond obligation. It would confer a greater benefit to the city than that intended, to hold that the landowner, after 30 days, was obligated for a full 10 years' interest, while the city could discharge its interest obligation in any year it has the funds to do so. Moreover, it is a great inconvenience to the landowner to have to either pay the full assessment within 30 days, or have his property burdened by a lien that cannot be discharged before the expiration of a 10 year period.

It is clear that the 10 year installment period provided in the statute is intended as a convenience to the landowner who cannot afford the full assessment at one time. Under such circumstances, there is no error in construing "shall" in the statute to mean "may", and allowing the landowner to discharge his assessment obligation by payment in full plus interest accrued as of the next succeeding payment date.

The judgment of the trial court is AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, DOO-LIN and HARGRAVE, JJ., concur.

OPALA, J., dissents.