SHERWOOD FOREST NO. 2
CORPORATION, Appellant,

v.

The CITY OF NORMAN, Oklahoma, a
Municipal Corporation, Appellee.

No. 52746.

Supreme Court of Oklahoma.

Dec. 23, 1980.

Ray G. Moss, Charles E. Cheatham, McAfee & Taft, Oklahoma City, for appellant.

Douglas J. Juergens, Norman City Atty., Norman, for appellee.

IRWIN, Vice Chief Justice:

On April 5, 1978, the City of Norman (appellee) sued Sherwood Forest Corporation (appellant) as principal upon a subdivision improvement bond posted with appellee on April 5, 1971, as security for the installation of sidewalks within Sherwood Forest No. 1 addition to the City of Norman.[1] The sidewalks were not installed

---

1. The bond, inter alia, provided:

"WHEREAS, the condition(s) of this obligation are such that if such principal shall, within 2__ year(s) from the date hereinabove last mentioned faithfully and fully performs, installs, and completes the work hereinafter set forth and described according to the plans and specifications heretofore filed with said Obligee City, and in accordance with the Ordinances of said Obligee City and the Laws of the State of

and appellee sought recovery for the installation costs. Judgment was rendered for appellee and appellant appealed.

The primary issues presented are: What is the applicable period of limitations, and when did appellee's cause of action accrue?

Appellant contends that the applicable period of limitations is either two (2) years from the date of the bond (April 5, 1971) as appellee's ordinances[2] provide, or two years from the expiration of the bond (April 5, 1973) as the bond provides; and that appellee's cause of action accrued when sixty-five percent (65%) of the development was completed as provided in appellee's ordinance.

Appellee contends the general five (5) year Statute of Limitations (12 O.S.1971, § 95[1]) is applicable; and that its cause of action accrued on April 5, 1973, the expiration date of the bond.

The district court concluded that appellee was subject to the general five (5) year Statute of Limitations provided by 12 O.S. 1971, § 95 (First), computed from April 5, 1973[3], the expiration date of the bond, and that appellee's cause of action upon said

bond first accrued at that time, and not when the lots within the platted subdivision were then 65% developed. The trial court found the action was timely commenced and rendered judgment for appellee. Appellant appealed.

■ The issues presented in the case at bar are similar to those in *City of Norman v. Liddell*, (Okl.) 596 P.2d 879 (1979). The surety bond in *Liddell* contained the two (2) year limitation the same as the improvement bond in the case at bar. Also, the same ordinance of the City of Norman was considered in *Liddell* as considered here. In *Liddell* we said:

"Ordinarily an action will not lie on a bond until a breach of the condition of the bond occurs. The cause of action does not accrue until that time, and the statute of limitations begins to run at that time. Under the above ordinance owners are given two years to complete improvements. If the ordinance is strictly construed, suit should have been brought before the bond expired."

Oklahoma, then this obligation shall become null and void, otherwise it shall remain in full force and effect, to wit:

Construction of sewers, water mains, paving, and excavation and compacted fills in Lots 1 through 5, Block 1, Lots 1 through 11, Block 2, Lots 1 through 15, Block 3, Sherwood Forest No. 2, Norman, Oklahoma

Any suit under this Bond must be instituted before the expiration of two (2) years from the date on which payment falls due."

2. In reference to the completion of sidewalks in the subdivision, the City ordinance provides:

"In the event the owner or developer elects to proceed under 4b above [requiring sidewalks to be installed after each lot is improved rather than when streets are installed], he shall post with the City Clerk a corporate surety bond (for a term of not to exceed two [2] years) subject to approval of Counsel to the City, in an amount equal to the entire cost of installing and constructing sidewalks, on both sides of the street, in any given block within which a residential structure is to be commenced, said bond being conditioned that at such time as 65% of the lots or parcels of land within said block have been developed, or prior to the expiration of said bond, whichever event first occurs, said developer shall or will have completed, installed and constructed sidewalks within said block

to serve each and every lot or parcel of land thereon situated, provided, however, the owner or developer may apply to the City Commission for extensions or renewals of the time within which such sidewalks must be installed and constructed, and, after public hearing on such application, the Commission may grant extensions of time, provided that such extensions shall not take effect unless and until the corporate surety bond is renewed or extended co-equally in time with such extension of time within which said sidewalks must be installed and constructed.

In the event the sidewalks have not been completed as required herein, and the owner or developer has not applied for an extension of time within which he might complete the same, the Counsel to the City shall, prior to the expiration of the bond, institute an action against both the principal and the surety to recover the necessary cost and expense to install and construct the balance of the sidewalks required within such subdivision, and after recovering said cost and expense, the City shall utilize said recovery to complete the installation of the sidewalks within the subdivision concerned."

3. The action was commenced on April 5, 1978.

In *Liddell* we held the two year proviso in the ordinance was not a statute of limitations but merely a directory proviso and non-compliance did not bar the action. The two year proviso in the ordinance does not bar the instant action.

Appellant also argues that the language "Any suit under this bond must be instituted before the expiration of two (2) years from the date in which payment falls due" in the bond, and the two year limitation period prescribed in the sidewalk ordinance for enforcement of the subdivision bond are valid and binding upon appellee and both bar the present action.

We are concerned here with the legislative authority of appellee in enacting the sidewalk ordinance and with the contractual obligations between appellant and appellee. The two year limitation period prescribed in the sidewalk ordinance is void because it violates Art. 5, § 46 of our Constitution which prohibits a state or a municipality from enacting any local or special laws for limitation of civil actions. *City of Tulsa v. Macura*, 186 Okl. 674, 100 P.2d 269 (1940). The two year limitations prescribed in the bond is void under 15 O.S.1971, § 216.[4]

■ Appellant's contention that appellee's action on the bond became barred five years after 65% of the development was completed cannot be sustained. Although 65% of the lots in two blocks had been developed prior to the expiration of the bond, this does not necessarily mean that the five year statute of limitations commenced to run on the date of completion. Generally, a statute of limitations begins to run when a cause of action accrues, and a cause of action accrues at the time when a litigant first could have maintained his action to a successful conclusion. *Oklahoma Brick Corporation v. McCall*, Okl., 497 P.2d 215 (1972).

■ The City ordinance in question authorizes the City Commission to grant extension for the installation of sidewalks. When the two (2) years for completion language in the bond is considered in connection with the 65% completion proviso in the ordinance, it becomes clear that appellee could not have maintained its action to a successful conclusion if appellant installed the sidewalks within two (2) years. Since appellee could not have maintained its action to a successful conclusion because there was no obligation on the bond if installation was completed within two years, appellee's cause of action did not accrue when 65% of the development had been completed.

The district court correctly determined that appellee's cause of action first accrued on April 5, 1973, the expiration date of the bond. This being an action on a contract in writing, we hold the trial court correctly determined that the five (5) year period of limitations[5] was applicable, and the action being commenced on April 5, 1978, was timely.

Judgment affirmed.

All the Justices concur.

---

**4.**  15 O.S.1971, § 216, provides:

"Every stipulation or condition in a contract, by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void."

**5.**  12 O.S.1971 § 95 (First).