Dear Mr. Foster,
The Attorney General has received your request for an official opinion asking, in effect:
 Pursuant to Title 59 O.S. 942 (1981), may an optician or optical supplier, when authorized to fit or adapt contact lenses pursuant to a written prescription furnished to a patient by an optometrist or ophthalmologist, alter or deviate from the prescription so furnished?
Your question implicates certain portions of Title 59 O.S. 942 (1981), as they relate to the fitting of contact lenses. This section provides in pertinent part that:
 "persons licensed under the provisions of chapters 11 [licensed physicians] or 13 [licensed optometrists] of Title 59, Oklahoma Statutes 1951 may in a written prescription, or its duplicate, authorize any optical supplier to interpret such prescription, and who in accordance therewith may measure, adapt, fit, prepare, dispense, or adjust such lenses, spectacles, eye glasses, prisms, tinted lenses, frames or appurtenances thereto, to the human face for the aid or correction of visual or ocular anomalies of the human eye; and may continue to do the said acts on the aforesaid written prescription, or its duplicate, provided, however, that the physician or optometrist writing such prescription shall remain responsible for the full effect of the appliances so furnished by such other person." (Emphasis added).
Specifically, you inquire as to whether an optical supplier or optician may alter or deviate from a written prescription furnished to a patient pursuant to Section 59 O.S. 942. This section obligates the optometrist or ophthalmologist to "authorize any optical supplier t, o interpret such prescription" and in addition, the optical supplier or optician must act "in accordance therewith." Our interpretation of the phrase "in accordance therewith" appears to hold the key to resolution of your inquiry.
Title 25 O.S. 1 (1981) provides that:
 "Words used in any statute are to be understood in their ordinary sense, except when a contrary intention plainly appears."
The phrase in question, "in accordance therewith," is not defined by Oklahoma statute or case law. However, Black's Law Dictionary, p. 16 (5th ed. 1979), defines "accordance" as "agreement; harmony; concord;conformity." Citing, City and County of San Francisco v. Boyd, 140 P.2d 666
(Cal. 1943). A similar definition is found in Webster's Third NewInternational Dictionary. To "conform" is "to be in agreement" or "comply with." Webster's Third New International Dictionary, p. 477 (1981); Ft.Worth D.C. Ry. Co. v. Masterson, 66 S.W. 833, 834 (Tex. 1902). Plainly, one who is required to act "in accordance with" certain terms must "comply with" or act in "conformity" with these terms.
Statutes must be given a sensible construction to effectuate the intent of the Legislature. AMF Tubescope Co. v. Hatchel, 547 P.2d 374 (Okla. 1976). Moreover, a "construction which would render the legislation absurd must be avoided." City of Norman v. Liddell, 596 P.2d 879, 882
(Okla. 1979). A construction by us that an optician or optical supplier, who is required by Section 59 O.S. 942 to act "in accordance" with a written prescription, may alter or deviate from said prescription would render this section useless, absurd and not effectuate the apparent intent of the Legislature.
It is, therefore, the official opinion of the Attorney General that anoptician or optical supplier, when authorized to fit or adapt contactlenses pursuant to a written prescription furnished to a patient by anoptometrist or ophthalmologist, may not alter or deviate from theprescription so furnished. 59 O.S. 942 (1981).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
F. ANDREW FUGITT, ASSISTANT ATTORNEY GENERAL