Terrence PETERSON, Appellant,

v.

Robert FULTON, Director of the State Department of Human Services, et al., Appellees.

No. 62197.

Supreme Court of Oklahoma.

Dec. 8, 1987.

Lewis Barber, Jr., Barber/Traviolia, Oklahoma City, for appellant.

Frederick B. Aurin, Jr., Asst. Gen. Counsel, Dept. of Human Services, Oklahoma City, for appellee, Dept. of Human Services.

William E. Maddux, Nowata, for appellee, Paul Campbell.

Michael C. Turpen, Neal Leader, Atty. Gen., Oklahoma City, for intervenor, State of Okl.

SUMMERS, Justice.

The Department of Human Services (DHS) found it necessary to acquire more office space in Nowata. It entered into a lease agreement with a local property owner for a stated rental. The plaintiff, a resident taxpayer and also a property owner, brought this suit to enjoin performance under the lease and to declare the same null and void. He alleged that it was contrary to statutory law, citing 56 O.S.1981, § 189a(b). The trial court disagreed and sustained defendant Department's demurrer to the petition.[1] Plaintiff appeals and upon our examination of the statute in question we affirm the lower court.

We note that plaintiff does not challenge the Department's authority to contract with a private landowner for office space; his complaint is only that the executed lease calls for rentals in excess of 75 percent of comparable rental rates in the locality. Department's demurrer admits that allegation, but urges that the petition fatally fails to state that the lessor was a public entity. In fact all agree that the lessor Campbell was a private individual. The demurrer was sustained on the basis that the statute only applied to public lessors.

Section 189a(b) reads as follows:

If the Oklahoma Public Welfare Commission determines that adequate or suitable quarters, office space or facilities for the local units of the Department are not obtainable, the Department may enter into an agreement with the *board of county commissioners of the county, or with any state agency or public trust,* for the construction or renovation of a building or buildings where local units of the Department may have quarters, office space or facilities; or may enter into

1. This occurred in February, 1984, prior to adoption of Oklahoma's present Pleading Code.

a lease agreement for the rental space and facilities in a building or buildings constructed or renovated by the *county, or a state agency, public trust or building authority,* for the purpose of providing office space to the Department or any other public agency or agencies. The Department shall not enter into any agreement *under the provisions of this subsection* unless federal financial participation is obtainable, and in no event shall the Department agree to pay, as rental for office space, more than seventy-five percent (75%) of comparable rental rates in the locality. All such agreements shall contain provisions as to financial participation therein by the parties to the agreement, payments to be made for the use or occupancy of the office space and facilities, and ownership of the building or building after payment of the cost of construction or renovation thereof has been completed, consistent with the requirements necessary for the Department to obtain or receive federal funds for such purpose. (Emphasis added)

In the construction of a statute it is fundamental that the primary object of interpretation is to ascertain and give effect to the legislative intent and purpose. *Jackson v. Independent School District No. 16 of Payne County,* 648 P.2d 26 (Okl.1982); *Dolese Bros. Co. v. Privett,* 622 P.2d 1080 (Okl.1981). This Court held in *City of Bristow ex rel. Hedges v. Groom,* 151 P.2d 936 (Okl.1944) that interpretation of a statute is solely within the duty of the courts, and the courts "must give it that construction which we believe the legislature ... intended". Id. at 942. See also, *Seventeen Hundred Peoria, Inc. v. City of Tulsa,* 422 P.2d 840 (Okl.1966).

The statute, when read in its entirety, clearly refers to agreements between Department of Human Services and other state governmental agencies, be they counties, administrative agencies, public trusts, or building authorities. At no place does the statute refer to agreements between private landlords and the DHS. The statute further provides that any agreement under subsection (b) must include federal financial participation and conform to federal guidelines in obtaining such federal funds.

DHS points out that the provision in question was added to this statute in 1967 to enable the state welfare department to be more responsive to the demand for social service programs and to conform with federal guidelines. It offers support for the construction applied by the district court from the *Handbook of Public Assistance Administration,* which sets the 75 percent ceiling on rental spaces in public buildings. *Handbook* Pt. V, § 4520. The *Handbook* recognizes that private space cannot be controlled by the 75 percent ceiling, but that space in privately owned buildings may be rented (with federal financial participation) at rates "in accordance with the comparable rental of the particular locality." *Handbook* Pt. V § 4532.1

One rule interpreting statutes is that a statute will not be construed so as to reach an absurd or irrational result. *City of Norman v. Liddell,* 596 P.2d 879 (Okl. 1979). Plaintiff's interpretation, if adopted by us, would violate that rule. Plaintiff argues that the statute prohibits the Department of Human Services from renting private office space for any amount in excess of 75 percent of the rate that the property would otherwise bring in a free and open market. It is inconceivable that a landlord as a reasonable businessman would want to lease his property for an amount 25 percent less than the going market rental value. We do not believe the Legislature intended such a result, nor do we believe that the Legislature intended to create a disincentive for private property owners to rent office space to state agencies.

Our conclusion is that the rent ceiling of 75 percent of comparable rental rates imposed upon the Department of Human Services by 56 O.S.1981, § 189a(b) applies only to rental agreements with state, county or local public agencies, and not with private individuals. The trial court correctly sustained the Department's demurrer to the petition.

The trial court in dismissing the action further found the plaintiff to be lacking in standing to prosecute the action. Because the petition as filed stated no cause of action against the Department we need not address that additional issue.

The judgment of the District Court dismissing plaintiff's petition is affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS, OPALA and ALMA WILSON, JJ., concur.

KAUGER, J., disqualified.