Dear Representatives Vaughn,
¶ 0 This office has received your request for an official Opinion in which you asked, in effect, the following questions:
1. Are the provisions of Article V, § 51 of the OklahomaConstitution prohibiting the granting of an exclusive right,privilege or immunity, violated by 36 O.S.Supp. 1995, §311[36-311](B), which provides immunity from civil liability to theNational Association of Insurance Commissioners ("NAIC") and allothers acting as agents of the Oklahoma State InsuranceCommissioner.
2. Are the provisions of Article V, § 51 of the OklahomaConstitution prohibiting the granting of an exclusive right,privilege or immunity, violated by 36 O.S.Supp. 1995, §311[36-311](C), which prohibits disclosure of information submitted bythe NAIC to the State Insurance Commissioner.
 I. Immunity From Civil Liability Under 36 O.S.Supp. 1995, § 311(B)
¶ 1 Title 36 O.S.Supp. 1995, § 311[36-311](A) requires insurers to file annual reports with the State Insurance Commissioner and the NAIC in order to obtain a license to do business in this State. Subsection B of 36 O.S.Supp. 1995, § 311[36-311] provides that all who are charged with the responsibility of collecting and reviewing information developed from the filing of the annual statement shall be acting as agents of the State Insurance Commissioner, and thus shall be immune from civil liability:
 In the absence of actual malice, or gross negligence, members of the National Association of Insurance Commissioners, their duly authorized committees, subcommittees and task forces, their delegates, National Association of Insurance Commissioners' employees, and all others charged with the responsibility of collecting, reviewing, analyzing and disseminating the information developed from the filing of the annual statement shall be acting as agents of the Commissioner under the authority of this section and shall not be subject to civil liability for libel, slander or any other cause of action by virtue of their collection, review and analysis or disseminating of the data and information collected from the filings required under this section.
36 O.S.Supp. 1995, § 311[36-311](B) (emphasis added).
¶ 2 Article V, § 51 of the Oklahoma Constitution states:
 The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this State.
¶ 3 The Oklahoma Supreme Court has continuously held that legislative enactments are presumed valid and will be upheld "unless it is clearly, palpably, and plainly inconsistent with fundamental law." Taylor v. State and Education Employees GroupInsurance Program, 897 P.2d 275, 277 (Okla. 1995); see alsoKimery v. Public Service Company, 622 P.2d 1066, 1071 (Okla. 1980). Statutes should be construed whenever possible so as to uphold their constitutionality. City of Norman v. Liddell,596 P.2d 879, 882 (Okla. 1979). The Oklahoma Supreme Court has stated that the prohibition against special privileges and immunities contained in Article V, § 51, "was enacted to preserve equality between citizens who are similarly situated." State v. Lynch,796 P.2d 1150, 1159 (Okla. 1990) (emphasis added).
¶ 4 Understanding the function of the NAIC is necessary in determining whether the statute is constitutional. The NAIC is an organization of insurance regulatory officials from 50 states, the District of Columbia and four U.S. territories.[1]
NAIC's stated purpose is to provide a forum for the exchange of ideas and the formulation of sound regulatory policy that will protect policyholders and help maintain the financial stability of the insurance industry.[2]
¶ 5 Section 311 is a model regulatory law of the NAIC which all states have adopted in some form. Thirty-eight states have adopted an immunity provision similar to that found in Oklahoma's law.[3]
¶ 6 To assist in the legal analysis of Section 311, it is helpful to examine McCarroll v. Doctors General Hospital,664 P.2d 382 (Okla. 1983). In McCarroll, the Oklahoma Supreme Court upheld the constitutionality of a statute setting forth a limitation for causes of action against health care providers. In reaching this conclusion, the Court reasoned that the grouping of health care providers into a class for special legislative treatment was clearly constitutional; whereas, the omission of certain health care providers from a class would not be. Id. at 386.
¶ 7 Analogous to McCarroll, the Legislature has chosen to group persons or entities which provide information to the State. The Court in McCarroll stated that it is for the State to select the kinds of business which shall be regulated, and that it is "within the legislative capacity of the state in the exercise of its police power" to classify similarly situated businesses or callings for special legislative treatment. Id. at 386 (emphasis added). In choosing which businesses to regulate:
 If a business is subject to regulation by the state, specific regulations for that one kind of business, which may be necessary for the protection of the public, can never constitute a just ground of complaint because similar restrictions are not imposed upon another business of a different kind.
McCarroll, 664 P.2d at 387 (citations omitted).
¶ 8 Accordingly, Article V, § 51 is not implicated unless "similarly situated people" are treated differently. E.g.,McDonald v. Board of Election Commissioners of Chicago,394 U.S. 802, 808 (1969). Legislation affecting all persons pursuing the same business under the same conditions who are similarly situated is not class legislation, and such legislation is not unconstitutional unless arbitrary or capricious. McCarroll,664 P.2d at 386; see also St. Paul Fire Marine Insurance Companyv. Getty Oil Company, 782 P.2d 915, 922 (Okla. 1989).
¶ 9 The immunity provided in 36 O.S.Supp. 1995, § 311[36-311](B) is not unique under Oklahoma law. Oklahoma has enacted other statutes which provide immunity from civil liability for making certain types of statements in certain situations. See 12 O.S.1991, § 1443.1[12-1443.1]. Section 311(B) is legislation protecting all persons or entities providing information to the State under the same conditions. Oklahoma's statute specifically designates NAIC employees and others handling insurance regulatory information as representatives or agents of Oklahoma's Insurance Commissioner and grants them immunity from civil liability. Under Section 311(B), the immunity is given to all who are performing the statutory function of collecting, reviewing, analyzing and disseminating the information developed from the filing of the annual statement; no one who is similarly situated is excluded from protection under Section 311(B). Thus, no class legislation is contained in the language of Section 311(B). Because no class legislation is contained in Section 311(B) and all who are similarly situated receive the same treatment under 36 O.S.Supp.1995, § 311[36-311](B), it does not violate Article V, § 51 of the Oklahoma Constitution.
¶ 10 Even if Section 311(B) were to create a class, the Legislature has wide latitude to create such statutory classifications which will withstand constitutional scrutiny if the classification reasonably relates to an important legislative objective. St. Paul Fire Marine Insurance Company v. Getty OilCompany, 782 P.2d 915, 922 (Okla. 1989) citing McCarroll v.Doctors General Hospital, 664 P.2d 382,386 (Okla. 1983) andLoyal Order of Moose v. Cavaness, 563 P.2d 143 (Okla. 1977). The rational basis standard is a relaxed standard. MassachusettsBoard of Retirement v. Murgia, 427 U.S. 307, 313-314 (1976). "State legislative bodies are to be `given the benefit of every conceivable circumstance which might suffice to characterize the classification as reasonable rather than arbitrary and invidious.'" Lamb v. Brown, 456 F.2d 18 (10th Cir. 1972) (citation omitted). A classification "will not be set aside if any state of facts reasonably may be conceived to justify it."McGowan v. Maryland, 366 U.S. 420, 426 (1961).
¶ 11 A rational basis could exist for Section 311(B) because it promotes Oklahoma's regulatory goals of protecting the public by monitoring insurers' solvency. The State Insurance Commission has a duty to guard against insolvent companies. Section 311 encourages and allows those gathering the information to do so without fear of lawsuits. Moreover, a court could find that Section 311(B) is reasonable because it was enacted to promote the health and welfare of the public. Accordingly, if Section 311(B) does somehow create a class, it should pass the rational basis test, and therefore not violate Article V, § 51 of the Oklahoma Constitution.
 II. Confidentiality of Certain Information Under 36 O.S.Supp. 1995, § 311(C)
¶ 12 Your second question is whether a statute which protects documents from disclosure violates Article V, § 51 of the Oklahoma Constitution.
¶ 13 Subsection C provides as follows:
 All financial analysis ratios and examination synopses pertaining to insurance companies, which are submitted to the Commissioner by the National Association of Insurance Commissioners' Insurance Regulatory Information System, are confidential records which may not be available for public inspection and may not be disclosed by the Commissioner.
36 O.S.Supp. 1995, § 311[36-311](C).
¶ 14 The analysis regarding the rational basis test outlined in Part I is also applicable to your second question. As stated above, the Legislature has wide latitude to create such statutory classifications as long as the classification reasonably relates to an important legislative objective. St. Paul Fire MarineInsurance Co. v. Getty Oil Co., 782 P.2d 915, 922 (Okla. 1989).
¶ 15 Oklahoma legislators have enacted the Open Records Act to "ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." 51 O.S. 1991, §24A.2[51-24A.2]. However, Section 24A.2 also specifically states that "[t]he privacy interests of individuals are adequately protected in the specific exceptions to the Oklahoma Open Records Act." 51O.S. 1991, § 24A.2[51-24A.2]. In addition to the exceptions created in the Open Records Act, there have been numerous exceptions created by the Legislature in Oklahoma's statutory law that protect various types of information from disclosure. For example, all records concerning child abuse are confidential. See 10 O.S.Supp.1995, § 7107[10-7107]. Certain types of personnel records may be confidential. See 51 O.S.Supp. 1995, § 24A.7[51-24A.7](A)(1) and (2). Similarly, Oklahoma Bar Association files and records relating to the disciplinary investigations of attorneys are confidential. 5O.S.Supp. 1995, Ch. 1 App. 1-A, Rules 5.7 and 5.8.
¶ 16 Section 311(C) protects information used by the State Insurance Commission to determine whether insurance companies should receive licenses to do business in this State. It is reasonable to protect this information from disclosure due to the nature of the information and the potential misuse or misclassification of the information. Therefore, we are unable to conclude that a reviewing court would find that 36 O.S.Supp.1995, § 311[36-311](C) which protects information from public disclosure, would violate Article V, § 51 of the Oklahoma Constitution.
¶ 17 It is, therefore, the official Opinion of the Attorney General that:
1. The provisions of Article V, § 51 of the Oklahoma Constitution prohibiting the granting of an exclusive right, privilege or immunity are not violated by 36 O.S.Supp. 1995, § 311[36-311](B), which provides immunity from civil liability to the National Association of Insurance Commissioners and all others acting as agents of the Oklahoma State Insurance Commissioner.
2. The provisions of Article V, § 51 of the Oklahoma Constitution prohibiting the granting of an exclusive right, privilege or immunity are not violated by 36 O.S.Supp. 1995, § 311[36-311](C), which prohibits disclosure of information submitted by the National Association of Insurance Commissioners to the State Insurance Commissioner.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
D. SUE TUCK ASSISTANT ATTORNEY GENERAL
[1] NAIC Constitution, Article III.
[2] NAIC Constitution, Article II.
[3] For a complete list, contact the NAIC.