Barbara Wilson REINHARD, Appellant,

v.

TEXTRON, INC., Appellee.

No. 44965.

Supreme Court of Oklahoma.

March 6, 1973.

Rehearing Denied Dec. 18, 1973.

Gerald E. Kamins and Paul E. Littleton, Tulsa, for appellant.

John M. Sharp, Huffman, Arrington, Scheurich & Kihle, Tulsa, for appellee.

DOOLIN, Justice.

The Appellant, plaintiff below, held 44 shares of stock in the defendant Textron, Inc. On or about June 15, 1967, the plaintiff's signature was forged on the transfer endorsements of the shares, the signature was guaranteed, and the shares were transferred by the defendant Textron's transfer agent. On June 9, 1970, the plaintiff filed her petition in this cause joining Textron, the aforesaid signature guarantor, and the alleged forger as defendants. The petition alleged, inter alia, wrongful transfer of the stock by the agent of the defendant. The trial court sustained the defendant's motion for judgment on the pleadings on the ground that the action was not brought within the Oklahoma statute of limitations 12 O.S. 1961 § 95, and dismissed the action as to the defendant Textron, Inc. From that order of the trial court, plaintiff appeals. None of the other defendants in the trial court are parties to this appeal.

■ A motion for Judgment on the Pleadings admits the truth of all facts well pleaded by the other party, and for the purpose of ruling on such a motion, the pleadings of the other party will be liberally construed in favor of sufficiency, Jones v. Liberty Plan of America, Inc., Okl., 418 P.2d 920.

■ Stock transfers of this nature are Investment Security Transactions within the contemplation of Article 8 of the Oklahoma Uniform Commercial Code, 12A O.S.1961 § 8–102, 15 Am.Jur.2d Comm.Code § 4. 12A O.S.1961 § 8–106 provides that the rights and duties of the issuer with respect to registration of transfer are governed by the law of the jurisdiction of organization of the issuer, *including the conflicts of laws rules of that jurisdiction.* See also 15 Am.Jur.2d Comm.Code § 15.

■ Since both parties agree that Textron is a corporation organized under the law of the State of Rhode Island, we feel that 12A O.S.1961 § 8–106 requires us to inquire into the conflicts of laws rules of that State to determine what procedural statute of limitations is applicable to this case. In the Rhode Island case of Byron v. Great Indemnity Co., 54 R.I. 405, 173 A. 546, the Supreme Court of Rhode Island stated the applicable conflicts rule of that jurisdiction:

> "Such an action is controlled by the statute of limitations of the state where the action is commenced, and not by the statute of the state where the cause of action accrued."

See also 53 C.J.S. Limitation of Actions § 27, 51 Am.Jur.2d Limitation of Actions § 66. The effect of this authority is to refer the question of limitations to the lex fori, in this case the law as to limitations of the State of Oklahoma, and to make that law controlling.

In this regard, our attention is invited to two Oklahoma Statutes that might be applicable, 12 O.S.1961 § 95 and 12 O.S. Supp.1970 § 105. The latter statute provides as follows:

> "The period of limitation applicable to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim."

If 12 O.S.Supp.1970 § 105 is the controlling statute of limitations to which we are referred by the Rhode Island conflicts of law rules, the New York statute of limitations controls, since that is the place where the wrongful transfer by Textron's transfer agent giving rise to this cause of action occurred. This result is clearly contradictory to the language of the Rhode Island court in *Byron,* supra. The paramount consideration, however, in determining which of the two above mentioned Oklahoma Statutes is applicable in the present case, is whether 12 O.S.Supp.1970 § 105 is a statute of limitations in the State of Oklahoma which Rhode Island law deems a part of the controlling lex fori, or a conflict of laws rule of the State of Oklahoma, to be superceded by the Rhode Island conflict of laws rules under 12A O.S.1961 § 8–106.

The essential function of 12 O.S.Supp. 1970 § 105 is to determine which statute of limitations will control as between different statutes in different jurisdictions. The statute also affects the substantive relief to which a litigant might be entitled, in that it allows the litigant to maintain an action to enforce a substantive right even though that action is barred by the statute of limitations of the forum, if a longer statute is in force where the cause of action arose. Finally, the statute is a "borrowing statute", and although its operation is in effect the reverse of most "borrowing statutes", it, like other similar statutes, should be considered a conflicts rule and not a procedural statute of limitations, 51 Am.Jur.2d Limitations of Actions § 67, Statutes of Limitations in the Conflict of Laws: Borrowing Statutes, 32 Rocky Mt.L.Rev. 287, 75 A.L.R. 203, 149 A.L.R. 1224. In these respects, 12 O.S.Supp.1970 § 105 is a conflicts of laws rule, and is not referred to by the controlling Rhode Island conflicts of laws rules regarding limitations statutes. Thus we conclude that the general Oklahoma statute of limitations, 12 O.S.1961 § 95, should be applied.

12 O.S.1961 § 95 provides limitations for different types of actions. Implicit in the trial court's ruling is the conclusion that the plaintiff's cause of action is in tort, specifically conversion of personal property under the paragraph "third" of this statute. While this may be true as to the plaintiff's cause of action against some of the other defendants in the trial court, the plaintiff's petition also states a different and distinct substantive cause of action against the defendant Textron. The cause of action stated against Textron by plaintiff's petition is not an action for conversion of personal property or specific recovery of personal property, but an action to enforce the liability of Textron for improper registration of the plaintiff's stock under 6A Rhode Island Code § 8–311, which is the plaintiff's substantive remedy and is the Uniform Commercial Code provision analogous to our own 12A O.S.1961 § 8–311.[1]

Rhode Island conflicts of laws rules, to which we are referred by 12A O.S.1961 § 8–106, make this Oklahoma statute of limitations, 12 O.S.1961 § 95, applicable to limitation of actions brought in an Oklahoma forum. We do not find anything in the language of paragraph "third" or any other paragraph of 12 O.S.1961 § 95 that provides a specific statute of limitations for an action of this nature. We conclude, therefore, that paragraph "seventh", providing a five year limitation period for actions not otherwise provided for in the statute, must control.

The ruling of the trial court appealed from is reversed, and this cause of action is remanded for further proceedings in accordance herewith.

DAVISON, C. J., WILLIAMS, V. C. J., and LAVENDER, BARNES and SIMMS, JJ., concur.

IRWIN, J., concurs in results.

1. See Comment #2, 8–311 and Comment #2 8–404.