2008 OK CIV APP 97

Stephen T. LESTER and Dana L. Lester, Co–Trustees of the Lester Family Revocable Trust, Plaintiff/Appellants,

v.

Daniel A. SMITH and Patricia J. Smith, Husband and Wife, Defendant/Appellees.

No. 104,854.

Court of Civil Appeals of Oklahoma, Division No. 1.

July 11, 2008.

Certiorari Dismissed Oct. 20, 2008.

Gentner F. Drummond, Anne M. Zimmerman, Drummond Law, PLLC, Tulsa, OK, for Plaintiff/Appellants,

Neal E. Stauffer, Jody R. Nathan, Nathan G. Parrilli, Stauffer, Graves & Nathan, Tulsa, OK, for Defendant/Appellees.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 In this action pursuant to the Oklahoma Residential Property Condition Disclosure Act (the Act), 60 O.S.2001 §§ 831 *et seq.* Appellants, Stephen and Dana Lester (Buyers), appeal from the trial court's judgment in favor of Appellees, Daniel and Patricia

Smith (Sellers). We hold the trial court correctly found Buyers were time barred in accordance with the Act from prosecuting their claims and affirm.

¶ 2 In October 2003, while in the process of selling a residence in Tulsa, Sellers executed a Residential Property Condition Disclosure Statement (the Statement) according to the Act. The Statement was provided to Buyers prior to closing the sale in March 2004. In April 2007, Buyers brought this action claiming a right of recovery under § 837 of the Act.[1] Buyers alleged Sellers disclosed certain foundation problems and piering of the house prior to their ownership, but denied knowledge of water seepage and failed to disclose continuing problems which they had not repaired.

¶ 3 In their *Petition*, Buyers further alleged Sellers were made aware of the defects they failed to disclose by an engineering report provided to Sellers in December 2002, which report had only been "recently discovered" by Buyers. Buyers additionally alleged Sellers were aware their representations were untrue, that such representations were made with the intent to defraud Buyers, and that Buyers were thereby induced to buy and acted in reliance on Sellers' representations, all in violation of § 837(A).

¶ 4 In Sellers' *Answer*, filed June 18, 2007, they asserted a number of affirmative defenses, including, as relevant here, that Buyers' *Petition* was "barred by all applicable statutes of limitations" and "all defenses they have under" the Act. On June 25, 2007, the trial court entered an "agreed" *Journal Entry of Final Judgment.* The trial court made findings of fact and concluded, as a matter of law, Sellers were entitled to final judgment because Buyers brought "this action beyond the two-year statute of limita-

tion," citing § 837(C) of the Act.[2] Buyers now appeal from that judgment.

¶ 5 On appeal, Buyers contend (1) § 837(C) is unconstitutional and (2) the "discovery rule" should apply to § 837(C). In matters of constitutional and statutory interpretation, we apply a *de novo* standard of review, "*i.e.,* a non-deferential, plenary and independent review of the trial court's legal rulings." *Boston Ave. Management, Inc. v. Associated Resources, Inc.,* 2007 OK 5, 152 P.3d 880; *Turkey Creek Conservancy Dist., In re.,* 2008 OK 8, 177 P.3d 558. There are no factual controversies relating to the questions now before us.

¶ 6 The two year limitation provision at § 837(C) has not been the subject of appellate review in Oklahoma. However, in *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.,* 1989 OK 139, 782 P.2d 915, our Supreme Court determined 12 O.S.1981 § 109, a similar limitation provision, to be constitutionally sound. The *St. Paul Fire* Court found § 109 to be a statute of repose, not a statute of limitation, which is a threshold question raised by Buyers here. Buyers assert § 837(C) is a statute of limitations, not a statute of repose, and therefore the "discovery rule" may be applied to make their *Petition* timely, even though it was filed more than two years after transfer of the property. The "discovery rule" allows limitation periods in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury. *Resolution Trust Corp. v. Grant,* 1995 OK 68, 901 P.2d 807. We are unpersuaded by Buyers' arguments.

¶ 7 The distinction between a statute of limitations and a statute of repose is set

---

1.  Section 837 provides, in relevant part:

    A. The purchaser may recover in a civil action only in the event of any of the following:
    . . .
    2. The failure of the seller to disclose in the disclosure statement . . . provided to the purchaser a defect which was actually known to the seller prior to acceptance of an offer to purchase; . . .
    . . .
    B. The sole and exclusive civil remedy at common law or otherwise for a failure under

    subsection A of this section by the seller. . . shall be an action for actual damages, including the cost of repairing the defect, . . . and shall not include the remedy of exemplary damages.

2.  Section 837(C) provides:

    Any action brought under this act shall be commenced within two (2) years after the date of transfer of real property subject to this act.

forth in *Neer v. State ex rel., Oklahoma Tax Com'n,* 1999 OK 41, 982 P.2d 1071:

> A statute of limitations extinguishes a remedy for an existing right by penalizing a party who sleeps on that right.... A statute of repose sets an outer chronological time boundary beyond which no cause of action may arise for conduct that would otherwise have been actionable. (Citations omitted.)

¶ 8 In *Neer,* 982 P.2d at 1079, the Supreme Court considered language in the Oklahoma Tax Code allowing a refund for taxes paid to another state on the same income taxed in Oklahoma. That provision, 68 O.S.Supp.1997 § 2373, limits the refund to "the portion of the tax paid during the three (3) years immediately preceding the filing of the claim." The *Neer* Court, at 1079, compared that provision to the general statute of limitations at 12 O.S.Supp.1996 § 95, which sets forth various limitation periods within which an action must be brought "after the cause of action shall have accrued." The Court found the § 2373 language "reads much more like the language used in a statute of repose because the three year time period starts to run or commences from the date of payment of Oklahoma tax—*a specific event*—irrespective of whether or not all the elements of a viable refund claim are then existent." (Emphasis added).

¶ 9 Similarly, the *St. Paul Fire* Court, 782 P.2d at 919, found 12 O.S.1981 § 109, which bars tort actions brought against builders and architects for damages by reason of defective design or construction "more than ten (10) years after substantial completion of such an improvement," to be a statute of repose. The Court, at 920, noted § 109 "does not bar a cause of action; its effect is rather to prevent what otherwise might be a cause of action from ever arising." The Court, at 919, further noted that in early statehood, both statutes of repose and builders liability to persons with whom he had no privity of contract, were unknown. The Court explains that as the "privity doctrine" gradually disappeared, and statutes of limita-

tion were judicially modified by application of the discovery rule, "[b]oundaries similar to § 109 ... legislatively emerged in response."

¶ 10 At 782 P.2d 920, the *St. Paul Fire* Court further explained "[b]y limiting the time within which actions could be brought against architects and engineers, the legislature sought to limit the impact of recent changes in the law which otherwise allowed these professionals to incur liability long after the completion of the improvement." The Court concluded, at 923, the ten year period in § 109 strikes a "reasonable balance between the public's right to a remedy and the need to place an outer limit on the tort liability of those involved in construction." The Court there examined the constitutional issues raised here by Buyers and held the § 109 statute of repose constitutional.

¶ 11 The reasoning and rationale applied by the *St. Paul Fire* Court apply equally here. As explained in *Rogers v. Meiser,* 2003 OK 6, 68 P.3d 967:

> One of the main purposes of the Act appears to be placing a **limitation** on the doctrine of *caveat emptor* [3] in real estate sales and **expanding** the situations in which a seller will be liable for structural or other covered defects. In other words, the Act gives the buyer a remedy in situations where under the common law **there would be no remedy** because of application of the doctrine of *caveat emptor.* (Emphasis in original, citations omitted.)

¶ 12 Under the common law, as a general rule, *caveat emptor* applied to preclude a fraud claim where a buyer inspected the property, and there was silence on the seller's part where it relates to conditions which the buyer, through the exercise of reasonable diligence, could discern upon the inspection. *Rogers v. Meiser,* 68 P.3d at 976. The Act abrogated the common law to the extent that even patent defects, *i.e.,* those readily observable, could serve as grounds for an action thereunder if the seller has actual knowledge of the defect and either does not disclose it in the disclosure statement or does

---

**3.** *"Caveat emptor* means, let the buyer beware or take care. BLACK'S LAW DICTIONARY 281 (Revised Fourth Edition 1968). It summarizes

the maxim that a purchaser must examine, judge, and test for himself/herself. *Id."* *Rogers v. Meiser,* 68 P.3d at 976, note 17.

not provide the buyer a disclosure statement. *Id.,* at 977.

¶ 13 In *Rogers,* the Supreme Court, at 977, expounded on the effect of the Act:

The Act, in major part then, expands the liability of sellers where no liability would exist at common law via an actual fraud theory because the buyer's reliance on mis-representation or failure to speak on the seller's part is viewed as unjustifiable or unreasonable given the open/patent nature of a particular defect, whether or not the buyer actually noticed, saw or was aware of the defect, where the buyer conducted an unimpeded inspection of the property. ... another purpose of the Act is limiting the remedy available to a buyer and pro-viding a certain amount of immunity to a seller.

¶ 14 The *Rogers* Court recognized the same reasonable balance between the public's right to a remedy and the need to place an outer limit on the liability of those involved as did the Court in *St. Paul Fire.* Before the Act, sellers had no liability for patent defects where buyers were afforded the op-portunity for inspection. The Legislature expanded the sellers' liability in § 837 where there was failure to provide a disclosure statement or failure to disclose a known de-fect. However, recognizing such a change in long established law could subject sellers to liability "long after the completion" of the property transfer, the Legislature, as it did in 12 O.S.2001 § 109, chose to set an "outer chronological time boundary" on the time allowed to bring a § 837 action. *Neer,* 982 P.2d at 1079. The Legislature did this by mandating in § 837(C) that such an action "shall be commenced within two (2) years after the date of transfer."

¶ 15 As we have noted, the § 837(C) lan-guage is similar to that in 12 O.S.2001 § 109, the architects and builders statute, which provides no action for specified defects "shall be brought... more than ten (10) years after substantial completion" of the improvement in controversy. Both sections evince the same outer boundary and purpose to limit the time within which an action may be brought. They not only bar any causes of action then existing, but, at the running of

the respective limitation periods, have the effect of preventing what otherwise might be a cause of action from ever arising. *St. Paul Fire,* 782 P.2d at 920.

¶ 16 The statutory language in § 109 and § 837(C) is in contrast to the general statute of limitations at 12 O.S.Supp.1996 § 95, which, as noted above, sets forth various limitation periods within which an action must be brought "after the cause of action shall have accrued." Also in contrast are the limitation periods in the Oklahoma Govern-mental Tort Claims Act, 51 O.S.2001 § 156, and the Oklahoma Workers' Compensation Act, 85 O.S.2001 § 43, both of which provide that claims "shall be forever barred" unless claims are made with the statutory period. These latter acts clearly contemplate an ex-isting claim being barred, classic statutes of limitations, and thus allow application of the discovery rule. On the other hand, § 837(C) does not speak of barring claims, but dictates that actions must be commenced with two years.

¶ 17 We are persuaded § 837(C), like § 109, is a statute of repose. Because a statute of repose "sets an outer boundary beyond which no cause of action may arise," *St. Paul Fire,* at 919, the discovery rule may not be applied to the limitation period. Buy-ers concede they failed to file their action within the two year limitations period provid-ed in § 837(C). The trial court was correct in finding Buyers were time barred and ren-dering judgment in favor of Sellers.

¶ 18 The trial court's judgment is accord-ingly, AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.