2009 OK 14

**CONSOLIDATED GRAIN & BARGE COMPANY, Plaintiff,**

v.

**STRUCTURAL SYSTEMS, INC., Defendant.**

No. 105,918.

Supreme Court of Oklahoma.

March 3, 2009.

William D. Mahoney, Irving, TX, and Marc L. Bovos, Poteau, OK, for plaintiff.

Gerald P. Green, Andrea D.W. Moates, Larry G. Cassil, Jr., Oklahoma City, OK, for defendant.

TAYLOR, V.C.J.

¶1 Pursuant to the Revised Uniform Certification of Questions of Law Act, 20 O.S.2001, §§ 1601–1611, the United States Court of Appeals for the Tenth Circuit certified the following question of law to this Court:

Oklahoma's borrowing statute provides that "[t]he period of limitation applicable

to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim." Okla. Stat. tit. 12, § 105. Should "period of limitation" in Okla. Stat. tit. 12, § 105 be interpreted to include statutes of repose, including Oklahoma's statute of repose for construction tort claims, *id.* § 109?

We answer the question narrowly. We hold that the phrase "period of limitation" as used in 12 O.S.2001, § 105 does not include the ten-year time period specified in 12 O.S.2001, § 109.

## I. Facts and Procedural Background

¶ 2 The following basic facts in this case are gleaned from the summary judgment record submitted with the certification order, the summary judgment order of the United States District Court for the Eastern District of Oklahoma dated July 30, 2007, as corrected July 31, 2007, and the certification order. Consolidated Grain & Barge Co. (CGB), a Missouri corporation with its principle place of business in Wayne City, Illinois, contracted with Structural Systems, Inc. (SSI), a corporation[1] with its principle place of business in Fort Smith, Arkansas, to perform work on CGB's grain conveyor system at its grain terminal in Van Buren, Arkansas.

CGB and SSI entered into the contract in Arkansas and all work thereunder was performed in Arkansas. SSI started the work on the grain conveyor system in May of 2000. The work was substantially completed in June of 2000, with the latest final call back completed in September of 2000. On November 3, 2003, a fire occurred at the grain terminal causing damages to real and personal property.

¶ 3 On October 31, 2005, CGB's insurer, Nationwide Agribusiness Insurance Company,[2] filed a subrogation action[3] in the name of CGB against SSI in the circuit court in Crawford County, Arkansas, alleging negligence in the performance of the contract which caused the fire and resulting damages.[4] SSI moved for summary judgment on the basis that the suit was barred by Arkansas' five-year statutory limitation on actions for injury to real and personal property caused by construction or repair deficiency.[5] Before the Arkansas court ruled on the summary judgment motion, CGB voluntarily dismissed the action.

¶ 4 On October 26, 2006, CGB's insurer filed a subrogation action[6] in the name of CGB against SSI in the district court in LeFlore County, Oklahoma, for negligent performance of the contract which caused the fire and resulting damages. The petition

---

1. The Tenth Circuit's certification order states that SSI is an Oklahoma corporation, the petition filed in Oklahoma district court in LeFlore County alleges SSI is an Arkansas corporation and the statement of facts in SSI's brief submitted to the Tenth Circuit states that SSI is a corporation formed and existing under Arkansas law.

2. Nationwide Agribusiness is a mutual insurance company with its principle place of business in Des Moines, Iowa, that primarily insures agricultural businesses.

3. The right of subrogation may be created by agreement, by statute, or by equity. *See* 83 C.J.S. Subrogation § 5 (1991); 16 *Couch on Insurance* § 222.31 (3rd ed.2000). Apparently, the right of subrogation in this case rests on the subrogation clause in the insurance policy that allowed the insurer the right to subrogation once the insurer paid CGB for the loss from the fire.

4. The statement of the case in SSI's motion to dismiss submitted to the federal district court

states that the petition in the first subrogation action alleged negligent installation of a grain conveyor system that resulted in fire and caused damages to CGB.

5. The statement of undisputed material facts in SSI's motion to dismiss submitted to the federal district court included a statement that the "work completed by SSI for CGB consisted solely of construction or repair of an improvement to real property."

6. Although a contract may be interpreted according to the law of the place where it is made and its performance is contemplated, the remedy available to enforce the contract is determined by the law of the forum. *Aetna Cas. & Sur. Co. of Hartford, Conn. v. Gentry,* 1942 OK 366, 132 P.2d 326, *Syllabus by the Court, No. 2.* A remedy in our state district court is available to an insurer to enforce subrogation arising by equity or by agreement. *Lawyers' Title Guar. Fund v. Sanders,* 1977 OK 210, 571 P.2d 454; *Republic Underwriters Ins. Co. v. Fire Ins. Exch.,* 1982 OK 67, 655 P.2d 544.

alleged that SSI improperly installed a bearing that overheated on one of the tank conveyor belts and ignited grain dust in the conveyor system which caused damages to CGB's real and personal property and a loss of business, totaling $825,671.81.

¶ 5 SSI removed the action to the federal district court for the eastern district of Oklahoma on the basis of diversity in citizenship. SSI moved for summary judgment, asserting the suit is barred by Arkansas' five-year statute of repose.[7] CGB responded that Oklahoma's borrowing statute, 12 O.S.2001, § 105, requires the Oklahoma court to apply Oklahoma's ten-year statute of repose on construction torts.

¶ 6 The federal district court determined that Oklahoma's borrowing statute did not apply "as the question was one of whether to apply Arkansas' or Oklahoma's substantive statute of repose." It also determined that under Oklahoma's common-law choice-of-law rules, Arkansas' substantive five-year statute of repose on construction claims governs the action. Accordingly, the federal district court found the action is time-barred and dismissed the petition.

¶ 7 On appeal, the United States Court of Appeals for the Tenth Circuit found no controlling Oklahoma authority on the question of whether Oklahoma's borrowing statute applies to statutes of repose. In certifying the question, the federal appellate court noted that Wisconsin has interpreted the phrase "period of limitation" in the Wisconsin borrowing statute to include both procedural statutes of limitations and substantive statutes of repose, citing *Wenke v. Gehl Co.*, 274 Wis.2d 220, 682 N.W.2d 405 (2004).

## II. Statutory Time Bars

¶ 8 Oklahoma recognizes two categories of statutory time bars. If the time period operates to bar the right to a cause of action, the statute falls into the substantive-law category and is referred to as a statute of repose. *Reynolds v. Porter*, 1988 OK 88, 760 P.2d 816. If the time period operates to bar the right to maintain the cause of action or remedy, the statute falls into the procedural-law category and is referred to as a statute of limitation. *Id.*

¶ 9 A statute of limitation prescribes a time period within which an action may be initiated, and that time period begins to run when the cause of action accrues. 12 O.S.2001, § 92 (providing that civil actions can only be commenced within the statutory time periods "after the cause of action shall have accrued"). A cause of action accrues when the action can first be maintained.[8] A statute of limitation operates procedurally to bar the remedy after the substantive right has accrued. *Reynolds*, 1988 OK 88 at ¶ 6, 760 P.2d at 819–820. A statute of limitation does not act upon the right to a cause of action so as to deprive the court of jurisdiction if it is not timely filed; rather it is an affirmative defense to the action that may be waived. *Reddell v. Johnson*, 1997 OK 86, ¶ 8, 942 P.2d 200, 202–203. A statute of limitation is a procedural law that operates only on the remedy.

¶ 10 On the other hand, a statute of repose prescribes a time period within which an action may be initiated and that time period begins to run from a specific act or event, such as substantial completion of

---

7. The statement of undisputed material facts in SSI's motion to dismiss submitted to the federal district court included a statement that the State of Oklahoma has no interest in the resolution of this case. Proposition I in SSI's motion to dismiss urged that federal district court venue was not proper in Oklahoma and sought transfer to federal district court in Arkansas.

8. A cause of action accrues when a litigant first can maintain the action to a successful conclusion. *Sherwood Forest No. 2 Corp. v. City of Norman*, 1980 OK 191, ¶ 10, 632 P.2d 368, 370. The three elements of actionable negligence are: (1) the existence of a duty on the part of the

defendant to protect the plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom, *Sloan v. Owen*, 1977 OK 239, ¶ 7, 579 P.2d 812, 814; and in order to maintain a negligence action to a successful conclusion, the litigant must allege injury or damages that are certain and not speculative. *Martin v. Griffin Television, Inc.*, 1976 OK 13, ¶¶ 24–25, 549 P.2d 85, 92–93. The cause of action to recover damages for a tortious wrong accrues when all three elements of the tort are present. *MBA Commercial Const., Inc. v. Roy`J. Hannaford Co., Inc.*, 1991 OK 87, ¶¶ 14–15, 818 P.2d 469, 472.

construction. *Reynolds*, 1988 OK 88 at ¶ 6, 760 P.2d at 819–820; 12 O.S.2001, § 109 (providing no action shall be brought more than ten years after substantial completion of an improvement to real property). The time limitation in a statute of repose may or may not allow for the plaintiff's discovery of the injuries caused by the negligent act and accrual of the action. *Samuel Roberts Noble Foundation v. Vick*, 1992 OK 140, ¶¶ 19–20, 840 P.2d 619, 624. A statute of repose operates upon the substantive right to recover damages and will extinguish that right even if the action has not yet accrued. *Smith v. Westinghouse Elec. Corp.*, 1987 OK 3, ¶ 6, n. 11, 732 P.2d 466, 469, n. 11. That is, the right to a cause of action to recover damages will expire even though there has not been an injury leading to the discovery of the negligent act that caused the damages.

¶ 11 In practical terms, a statute of repose marks the boundary of a substantive right, while a statute of limitation operates procedurally to bar the remedy after a substantive right has vested. *Reynolds*, 1988 OK 88 at ¶ 6, 760 P.2d at 819–820. The Tenth Circuit Court of Appeals, in its certification order, referred us to *Wenke v. Gehl Co.*, 682 N.W.2d at 408–409, wherein the Wisconsin court found Wisconsin's borrowing statute reaches statutes of limitations and statutes of repose.[9] In its review of the procedural/substantive law dichotomy of statutory time limits, the Wisconsin Supreme Court relied on this Court's explanation:

Before the contemporary concept of "statutes of repose" became popular, the term "statute of repose" was commonly used to refer to general limitations periods that simply provided peace, or "repose," to potential litigants, taking away the remedy for an otherwise valid claim. A modern court has aptly explained how this understanding evolved:

*Early treatise writers and judges considered time bars created by statutes of limitations, escheat and adverse posses-*

*sion as periods of repose.* As the courts began to modify statutory limitations by applying the "discovery rule," legislatures responded by enacting absolute statutes of repose. *Modern limitations and statutes of repose are similar because they both provide repose for the defendant.* Yet, they are significantly different since a statute of limitation merely extinguishes the plaintiff's remedy while a statute of repose bars a cause of action before it arises.

*Reynolds v. Porter*, 760 P.2d 816, 819–820 (Okla.1988) (footnotes omitted)(emphasis added).

*Id.*, 2004 WI 103, ¶ 54, 274 Wis.2d 220, 257, 682 N.W.2d 405, 423.

The Wisconsin Supreme Court proceeded to reject the procedural/substantive law dichotomy:

This explanation is helpful. To repeat, in most states, "a statute of limitation merely extinguishes the plaintiff's remedy." *Id.* This, however, was not and is not the law in Wisconsin. In Wisconsin, we adopted the minority proposition that "the limitation of actions is a right as well as a remedy, *extinguishing the right on one side* and creating a right on the other." … Under Wisconsin law, "statutes of limitation [are viewed as] substantive statutes because they create and destroy rights." . . . .

*Id.*, 2004 WI 103 at ¶ 55, 274 Wis.2d at 257–258, 682 N.W.2d at 423–424 (footnote omitted).

¶ 12 As to the procedural/substantive law dichotomy of statutory time limits, Oklahoma subscribes to the majority view as explained in *Reynolds*, while Wisconsin takes the minority view as explained in *Wenke*. Accordingly, *Wenke* is not persuasive authority that guides our answer to the certified question.

---

**9.** *Wenke v. Gehl Co.* involved a 1997 injury in Iowa caused by a baling machine that was first sold in 1981 in Iowa. An Iowa statute limited the bringing of a product liability action more than 15 years after the product was first sold. The issue addressed by the Wisconsin Supreme

Court was whether Wisconsin's borrowing statute reached Iowa's product liability statute of repose. The Wisconsin Supreme Court held that the intent of the borrowing statute was to include foreign statutes of repose within the phrase "period of limitation."

## III. Time Bars on Construction Torts

¶ 13 Oklahoma's statute prescribing a time limit on a construction tort, 12 O.S.2001, § 109, reads:

No action in tort to recover damages

(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

(ii) for injury to property, real or personal, arising out of any such deficiency, or

(iii) for injury to the person or for wrongful death arising out of any such deficiency,

shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

Section 109 has long been categorized as a statute of repose, *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.,* 1989 OK 139, ¶ 17, 782 P.2d 915, 920, and not a statute of limitation.

¶ 14 The Arkansas statutory time limitation relied upon by the federal district court is codified at Ark.Code Ann. § 16–56–112(a) and reads:

No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by any deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

Section 16–56–112(a) is a statute of repose that operates to entirely cut off the right of action even if it does not accrue within five years after substantial completion. *Rogers v. Mallory,* 328 Ark. 116, 941 S.W.2d 421, 423 (1997). Fraud will toll the running of the five-year time period in § 16–56–112(a), *Curry v. Thornsberry,* 354 Ark. 631, 128 S.W.3d 438, 441 (2003), but fraud and tolling are not involved in this case.

¶ 15 In addition to the different limitation periods, two other differences in the above-quoted statutes are pertinent. First, Oklahoma's § 109 expressly relates to an "action in tort" while Arkansas' § 16–56–112(a) relates to an "action in contract." The federal district court order notes that the Arkansas statute applies to contracts and that none of CGB's claims sound in contract but proceeded to apply the Arkansas statute of repose rather than a statutory limitation on torts, citing *Rogers v. Mallory, supra.*

¶ 16 The second difference is that Oklahoma's § 109 applies to deficiency in construction while Arkansas' § 16–56–112(a) applies to deficiency in construction and repair. The petition alleged that CGB hired SSI to replace parts of the grain conveyor system, while the federal district court stated the work consisted "solely of construction and repair," and the Tenth Circuit stated that CGB alleged "negligence in repairing the conveyor belt system." It appears that the damages in this case arose out of "repair" to an existing system rather than out of "construction" of an improvement to real property. Although the Arkansas statute expressly applies to deficient repair to an improvement to real property, Oklahoma's § 109 does not mention **repair** to an improvement to real property. In answering the certified question, we do not consider nor do we decide that the work performed on the conveyor belt in this case constitutes construction of an improvement to real property that would trigger § 109, with or without the aid of the borrowing statute.

## IV. The Uniform Statute of Limitation on Foreign Claims Act

¶ 17 As pointed out in *Wenke,* 682 N.W.2d at 423–424, a majority of states categorize statutes of limitations as procedural law. As a general rule, the forum state applies its procedural law to a foreign claim. *Stephens v. Household Fin. Corp.,* 1977 OK 137, ¶ 6, 566 P.2d 1163, 1165. This general rule in-

vites forum shopping for the longest limitation period. Long ago state legislatures enacted a variety of borrowing statutes, many of which selected the shortest limitation period to avoid forum shopping. Because the different borrowing statutes created confusion, the Conference on Uniform Laws promulgated the Uniform Statute of Limitations on Foreign Claims Act of 1957. *See* Prefatory Note to Uniform Conflict of Laws–Limitations Act of 1982, 12 U.L.A. 156 (2008). The recommended uniform law applied the shorter limitation period.

¶ 18 In 1965, Oklahoma adopted the Uniform Statute of Limitations on Foreign Claims Act of 1957. 1965 Okla. Sess. Laws, ch. 98 (codified at 12 O.S.Supp.1965, §§ 104–108). The Act defined a claim arising out of the state: "As used in this act, 'claim' means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute." 12 O.S.Supp.1965, § 104. It selected the shorter time limitation: "The period of limitation applicable to a claim accruing outside this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, **whichever first bars the claim.**" *Id.* § 105 (bold added). It also provided for prospective application to actions commenced more than a year after its effective date, *id.* § 106, and for the act to be construed to effectuate its general purpose and to be uniform with the law of other states adopting the act, *id.* § 107.[10]

¶ 19 Apparently, borrowing the shorter limitation period was not acceptable. In 1970, the Legislature amended Oklahoma's borrowing statute to apply the period of limitation to a claim accruing outside this state that **last bars the claim.** 1970 Okla. Sess. Laws, ch. 31 (codified at 12 O.S.Supp. 1970, § 105). As amended, § 105 essentially operates to preserve a remedy for an accrued cause of action for the longest applicable time period. *Reinhard v. Textron,* 1973 OK 19, ¶ 6, 516 P.2d 1325, 1327, characterized

§ 105 as a borrowing statute with the opposite effect of most borrowing statutes that select the earliest time bar. It allows a litigant to enforce a substantive right even though the remedy may be time-barred in the state where the cause of action arose but not in the forum state of Oklahoma or where it is time-barred in the forum state of Oklahoma but not in the state where the action arose.

¶ 20 Plaintiff contends that the phrase "period of time" in § 105 is not ambiguous, that it is not subject to interpretation, and that it cannot be construed to apply only to procedural statutes of limitations and to exclude substantive statutes of repose. Plaintiff argues that § 105 is a choice of law rule to be followed; that the 1970 amendment to § 105 intended to provide expansive access to Oklahoma courts; and that § 105 unambiguously includes all periods of limitations, substantive or otherwise.

¶ 21 Defendant also contends that § 105 is unambiguous but that "period of limitation" connotes only the procedural limitation on the remedy. Defendant takes the position that there is no legislative history to support plaintiff's legislative intent argument. Defendant argues that plaintiff would have this Court construe the phrase "period of limitation" to open Oklahoma courts to stale claims from other jurisdictions that may be contrary to public policy.

¶ 22 We consider the meaning of the phrase "period of limitation" in § 105 under of our established rules of statutory construction. The primary goal in reviewing a statute is to ascertain legislative intent, if possible, from a reading of the statutory language in its plain and ordinary meaning. *State ex rel. Oklahoma State Dept. of Health v. Robertson,* 2006 OK 99, ¶ 6, 152 P.3d 875, 877–878. If the intent is plainly expressed and the statutory provision is uncontrolled by other parts of the statute or other statutes upon the same subject, there is no room for

---

**10.** Only two other states, Pennsylvania and West Virginia, adopted the Uniform Statute of Limitations on Foreign Claims Act of 1957. In 1978, the National Conference of Commissioners on Uniform State Laws withdrew the Uniform Statute of Limitations on Foreign Claims Act of 1957 from recommendation for enactment because it was obsolete. *See* Prefatory Note to the Uniform Conflict of Laws–Limitations Act of 1982, 12 U.L.A. 156 (2008).

further inquiry. *McNeill v. City of Tulsa,* 1998 OK 2, ¶ 9, 953 P.2d 329, 332. If the meaning of a provision is not clear, the ambiguous terms will be considered in the context of the statute and will be harmonized with other relevant sections. *State ex rel. Oklahoma State Dept. of Health v. Robertson,* 2006 OK 99 at ¶ 7, 152 P.3d at 878; *Multiple Injury Trust Fund v. Wade,* 2008 OK 15, ¶ 23, 180 P.3d 1205, 1211–1212. The language in the title to a legislative enactment is a proper guide in ascertaining the intent of the statute. *Naylor v. Petuskey,* 1992 OK 88, ¶ 4, 834 P.2d 439, 440.

¶ 23 Here, the word "limitation" in the phrase "period of limitation" in § 105 is not questioned. At issue is the meaning of the word "period." The ordinary meaning of "period" is an interval of time characterized by the occurrence of certain conditions or events, *The American Heritage Dictionary* 975 (1969), *The American Heritage Dictionary* 922 (2d College Ed.1991), or a period of time in which something is completed. *Webster's Third New International Dictionary* 1680 (2002). In turn, the ordinary meaning of "period of limitation" is "time of limitation."

¶ 24 Section 105 expressly relates to the "period of limitation applicable to a claim **accruing** outside this state." (Bold added.) Accrual is a condition that triggers an ordinary statute of limitation, affecting the remedy and not the right to a cause of action.[11] In the context of the whole statute, § 105 suggests intent to provide a time period that operates on the remedy and not on the right to an action for damages.

¶ 25 The use of the word "period" in other statutes related to limitations on remedies supports a reading of "period of limitation" in § 105 as procedural law and not substantive law. 12 O.S.2001, § 92 (providing that "[c]ivil actions can only be commenced within the **periods** prescribed in this article ..."); 12 O.S.2001, § 93 (providing that "[a]ctions for the recovery of real property ... can only be brought within the **periods** hereinafter prescribed ..."); 12 O.S.2001, § 95(A) (providing that "[c]ivil actions other than for the recovery of real property can only be

brought within the following **periods** ..."); 12 O.S.2001, § 98 (providing that "[w]hen a cause of action **accrues** against a person and that person is out of the state or has concealed himself, the **period** limited for the commencement shall not begin to run ..."). These statutes support the position that "period of limitation" in § 105 relates to procedural statutes of limitation and does not relate to substantive statutes of repose.

¶ 26 Reading § 105 to affect remedies and not substantive rights to actions for damages is also consistent with the language in the titles to the legislative measures enacting the borrowing statute, § 105, and the construction-tort time limitation, § 109. Both the titles to the 1965 legislative measure enacting § 105 and the 1970 measure amending § 105 indicated the bills were "PROVIDING FOR APPLICATION OF STATUTES OF LIMITATION IN ACTIONS ON CLAIMS ARISING OUTSIDE THE STATE." 1965 Okla. Sess. Laws, ch. 98 (title to Senate Bill 124, originally enacting § 105); 1970 Okla. Sess. Laws, ch. 31 (title to House Bill 1507, amending the § 105). On the other hand, the title to the legislative measure enacting § 109 indicated intent to limit the right to recover damages. The title to the 1967 legislative measure enacting § 109 read, "PROVIDING FOR THE LIMITATION OF ACTION TO RECOVER DAMAGES ARISING FROM DESIGN, PLANNING OR CONSTRUCTION OF AN IMPROVEMENT TO REAL PROPERTY." 1967 Okla. Sess. Laws, ch. 360 (title to Senate Bill 232, originally enacting § 109).

¶ 27 While the title to the measure enacting the construction tort statute indicates intent to enact a time limitation on the right to recover damages, we find the titles to the measures enacting and amending the borrowing statute indicate intent that they relate to time limitations on remedies that may be available in this state to enforce claims accruing in another state. Accordingly, Oklahoma's borrowing statute, 12 O.S.2001, § 105, is a procedural law that applies to time periods that operate upon the remedy. Because Oklahoma categorizes statutes of

---

11. *See* note 8, *supra.*

limitation as procedural law that operates on plaintiff's remedy and statutes of repose as substantive law that destroys plaintiff's right to recover damages in a cause of action, we answer that the phrase "period of limitation" in Oklahoma's borrowing statute, 12 O.S. 2001, § 105, should not be construed to include the ten-year period in Oklahoma's statute relating to construction torts, 12 O.S. 2001, § 109.

### V. Summary

 ¶ 28 When CGB's insurer filed this subrogation action in the Oklahoma district court on October 26, 2006, CGB's right to a damages action under Arkansas law had been extinguished for more than a year and CGB no longer had a claim under Arkansas law.[12] Oklahoma's procedural borrowing statute, 12 O.S.2001, § 105, may not be construed to resurrect a foreign claim that has been extinguished by substantive law. The phrase "period of limitation" in Oklahoma's procedural borrowing statute, 12 O.S.2001, § 105, may not be construed to include Oklahoma's substantive ten-year limitation on construction torts, 12 O.S.2001, § 109.

### CERTIFIED QUESTION ANSWERED.

EDMONDSON, C.J., TAYLOR, V.C.J., and HARGRAVE, WATT, WINCHESTER, COLBERT, and REIF, JJ., concur.

OPALA, J., concurs by separate writing.

KAUGER, J., concurs in result.

OPALA, J., concurring

¶ 1 I join the court's pronouncement. I write separately to highlight the analysis underlying my own conclusion which coincides with that of the court's opinion. My view tracks faithfully the centuries-old rules of statutory construction for distinguishing between the two time-bar categories that govern extinguishment of rights and extinguishment of remedies in actions.

¶ 2 In the Anglo–American system of law legal bars that restrict the time for bringing an action are divided into two distinct rubrics. The most familiar of these is that known as a statute of limitations. The limitations' time bar operates solely on the remedy and may be equitably tolled by a variety of factors that will interrupt, suspend, revise and extend its running.[1] The other rubric of time restrictions **is variously known as** (a) conditions upon the exercise of a right, (b) substantive-law time bars, (c) time bars upon the exercise of a right rather than on invocation of the remedy and (d) statutes of repose.[2] The latter class of time bar **operates on the right as distinguished from the remedy. Its lapse will extinguish the right**

---

12. Under Arkansas' substantive-law statute, the five-year time period within which CGB could file suit against SSI began to run in September of 2000; CGB's cause of action accrued in November of 2003, when CGB suffered fire damages; and CGB's right to a cause of action to recover those damages expired at the end of August of 2005.

1. *Matter of the Estate of Speake*, 1987 OK 61, ¶ 13, 743 P.2d 648, 652–653 (ordinary limitations may be tolled); *Thompson v. Anchor Glass Container Corp.*, 2003 OK 39, ¶ 7 n. 13, 73 P.3d 836, 838 (Tolling is a term of art which refers to the temporary suspension of statutory time bar for bringing a suit because of either some "disability" on the part of the plaintiff which prevents that person from commencing the action or some activity on the part of the defendant forestalling prosecution of the claim against the defendant. Black's Law Dictionary (5th ed.1979) at 1334 defines the verb 'to toll' as: "To suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiff's minority"); *Resolution Trust Corp. v. Grant*, 1995 OK 68, 901 P.2d

807 (the "discovery rule" allows the limitations period to be tolled in tort cases); see also *Lester v. Smith*, 2008 OK CIV APP 97, 198 P.3d 402, 403–404.

2. The law's time limits for bringing an action are either **remedial** or **substantive**. The former, called statute-of-limitation time bars, extinguish **uninvoked remedies**; the latter destroy **unexercised** or **unasserted** rights. Right-targeting legislative time bars are often referred to as statutes of repose. A statute of repose bars potential liability by limiting the time during which a cause of action may arise. It serves to bar a claim even before it accrues. In practical terms, a statute of repose marks the boundary of a substantive right whereas a statute of limitation interposes itself only procedurally to bar the remedy after a substantive right has vested. *Neer v. Oklahoma Tax Commission*, 1999 OK 41, ¶ 19, 982 P.2d 1071, 1078–79; *Reynolds v. Porter*, 1988 OK 88, ¶ 6, 760 P.2d 816, 820; *Lester v. Smith, supra* note 1, 198 P.3d at 403–404.

**forever,** whereas the expiration of a limitation period extinguishes only the remedy.

¶ 3 The dichotomous division of legal time bars into those that extinguish **only the remedy** and those that snuff out **the very right in the claim** has been **faithfully reflected** in this court's jurisprudence ever since statehood.[3] This carefully followed and guarded distinction has antecedents in the English law.[4] **The separate time bars our jurisprudence preserves are not interchangeable. The bars that apply to remedies will not be used to bar rights and *vice versa*.**[5]

¶ 4 Typical of the statutes that invariably fall into the class of substantive-law time bars are those that will extinguish one's right **before** a cause of action would ever accrue. Those are often enactments whose time bars run from an event or occurrence that usually happens **before** an action's accrual. In contrast to them, a limitation period's beginning, which is remedial, **always coincides** with a cause's accrual-the point of time at which an action may first be brought.[6]

¶ 5 The plaintiff invokes here the "borrowing statute," whose provisions are found in 12 O.S.2001 § 105. That section allows a party suing in Oklahoma upon a claim that arose elsewhere to borrow from this state's law a longer **"limitation period"** than that enacted in some other state. Plaintiff chose to borrow here the period found in 12 O.S.2001 § 109.[7] The court rejects the selection as impermissible and so do I. **The § 109 period is not a remedial time limit**[8] but rather a substantive-law bar (or a statute of repose) enacted and designed primarily **to extinguish one's right** in a claim not yet accrued rather than to set a time bar for invoking one's remedy to bring an action upon an accrued claim.[9]

¶ 6 The § 109 time bar does not fall within the range of the words "limitation period" used in § 105. This is so because the § 109 bar constitutes a condition upon the exercise of a right described in that section. The borrowing statute's language is crystal-clear. It refers to a "period of limitation" as the time span which may be borrowed from the law of this state. "Period of limitation" can

---

3. *Neer v. Oklahoma Tax Commission, supra* note 2 at ¶ 19, 982 P.2d at 1078–79; *Reynolds v. Porter, supra* note 2 at ¶ 6, 760 P.2d at 820; *Trinity Broadcasting Corp. v. Leeco Oil Co., supra* note 4, 692 P.2d 1364, 1366–1367; *Stephens v. Household Finance Corp.*, 1977 OK 137, ¶¶ 15–16, 566 P.2d 1163, 1166; *Hiskett v. Wells*, 1959 OK 273, ¶ 0 syl. 1, ¶¶ 11–15, 351 P.2d 300, 304; *Brookshire v. Burkhart*, 1929 OK 428, 283 P. 571, 577; *Kerley v. Hoehman*, 1916 OK 1062, 74 Okla. 299, 183 P. 980; see also *Lester v. Smith, supra* note 1, 198 P.3d at 403–404.

4. For the historical background of the English law's dichotomous division into rights and remedies, see Opala, *Praescriptio Temporis and Its Relation to Prescriptive Easements in the Anglo–American Law*, 7 Tulsa L.J. 107 (1971).

5. See *Wenke v. Gehl Co.*, 274 Wis.2d 220, 682 N.W.2d 405 (2004) for a rare departure from the Anglo–American jurisprudence which should be regarded as aberrational.

6. *Kinzy v. State ex rel. Oklahoma Firefighters Pension and Retirement System*, 2001 OK 24, ¶ 11, 20 P.3d 818, 823; *Reynolds v. Porter, supra* note 2, 3, at ¶ 7, 760 P.2d at 820; *Sherwood Forest No. 2 Corp. v. City of Norman*, 1980 OK 191, ¶ 10, 632 P.2d 368, 370; *Oklahoma Brick Corp. v. McCall*, 1972 OK 70, ¶ 10, 497 P.2d 215, 217.

7. The provisions of 12 O.S.2001 § 109 are:

No action in tort to recover damages
(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
(ii) for injury to property, real or personal, arising out of any such deficiency, or
(iii) for injury to the person or for wrongful death arising out of any such deficiency,
shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

8. Statutory limitation bars claims upon which no action has been brought within a specified time **after the claim's accrual.** *Kinzy v. State ex rel. Oklahoma Firefighters Pension and Retirement System, supra* note 6 at ¶ 11, 20 P.3d at 823.

9. Section 109 claims may be time-barred before they accrue. The § 109 time bar does not run from the claim's accrual but from an event that ordinarily will and often does occur in pre-accrual stages. *Samuel Roberts Noble Foundation, Inc. v. Vick*, 1992 OK 140, ¶ 20, 840 P.2d 619, 624; *Riley v. Brown and Root, Inc.*, 1992 OK 114, ¶ 7, 836 P.2d 1298, 1300; *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 1989 OK 139, ¶ 14, 782 P.2d 915, 918.

mean only one thing—a period that runs from a claim's accrual. The time bar in 12 O.S.2001 § 109 does not run from accrual of a cause of action. It may hence not be "borrowed" because it is not a "period of limitation" within the meaning of § 105.

¶7 The simple bottom-line answer to the federal court's certified question is: One who by statute is given the option "to borrow" one of Oklahoma's "longer" limitation periods—a remedial time bar—may not instead select this state's substantive-law time bar as one's substitute choice exercisable under the borrowing statute.

¶8 In short, **the time bar in § 109 is unavailable for the plaintiff to borrow** when invoking the terms of § 105.