**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CONSOLIDATED GRAIN &
BARGE CO.,

Plaintiff-Appellant,

v.

STRUCTURAL SYSTEMS, INC.,

Defendant-Appellee.

No. 07-7063
(D.C. No. 06-CV-520-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

In October 2006, Nationwide Agribusiness Insurance Company, the insurer

of plaintiff Consolidated Grain & Barge Company (CGB), filed this subrogation

action under CGB's name in Oklahoma state court, alleging that one of CGB's

facilities in Arkansas was damaged by a November 2003 fire that was caused by

negligent work substantially completed there in June 2000 by defendant Structural

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Systems, Inc. (SSI). After SSI removed the case to federal court, the district court granted summary judgment to SSI, ruling that the suit was barred by Arkansas's five-year statute of repose, Ark. Code Ann. § 16-56-112(a).

CGB appealed, arguing that Oklahoma's common-law choice of law rules were abrogated by Oklahoma's borrowing statute, Okla. Stat. tit. 12, § 105, and that, under the borrowing statute, the applicable statute of repose was Oklahoma's ten-year statute of repose, *id.*, § 109, making this suit timely. We certified to the Oklahoma Supreme Court the question of whether Oklahoma's borrowing statute, *id.*, § 105, should be interpreted to include Oklahoma's substantive statute of repose, *id.*, § 109. Based on that court's answer that it should not, we lift the abatement of the appeal and affirm.

I.

CGB, a Missouri corporation, operated a grain terminal in Van Buren, Arkansas. Following a fire at that facility, CGB entered into a written contract in Arkansas with SSI, an Arkansas corporation, to reconstruct and repair parts of the grain conveyor system. SSI substantially completed the work in June 2000 and completed the final call back in September 2000. Another fire occurred at CGB's facility in November 2003. CGB asserted that grain dust ignited from the heat generated from a failed bearing improperly installed by SSI, and that the fire caused approximately $800,000 in damage.

Nationwide Agribusiness, through CGB, filed its first subrogation action against SSI in an Arkansas state court in October 2005. CGB voluntarily dismissed that suit, however, after SSI filed a motion to dismiss based on Arkansas's five-year statute of repose, which bars an action in contract for damages caused by the deficient construction or repair of any improvement to real property brought "more than five (5) years after substantial completion of the work." Ark. Code Ann. § 16-56-112(a). In October 2006, Nationwide Agribusiness, through CGB, filed this subrogation action in state court in Oklahoma, which has a ten-year statute of repose for tort claims arising from "construction of an improvement to real property," Okla. Stat. tit. 12, § 109, and a borrowing statute stating that "[t]he period of limitation applicable to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever *last* bars the claim[,]" *id.*, § 105 (emphasis added). SSI removed the case based on diversity jurisdiction to federal court, and the district court denied SSI's subsequent motion to dismiss or transfer venue. SSI then moved for summary judgment, arguing that Oklahoma's choice-of-law rules called for the application of Arkansas's substantive law, including its five-year statute of repose. CGB argued that Oklahoma's ten-year statute of repose applied under Oklahoma's borrowing statute. The district court ruled that Oklahoma's choice-of-law rules required it to apply Arkansas's substantive law; that Oklahoma's borrowing statute applies to

procedural law, not substantive law; and that because statutes of repose are substantive, Arkansas's statute of repose applied to bar CGB's suit.

## II.

We certified to the Oklahoma Supreme Court the following question: Should "period of limitation" in Okla. Stat. tit. 12, § 105 be interpreted to include statutes of repose, including Oklahoma's statute of repose for construction tort claims, *id.* § 109? The Oklahoma Supreme Court recently answered that question in the negative in *Consolidated Grain & Barge Co. v. Structural Systems, Inc.*, No. 105918, 2009 WL 532390 (Okla. Mar. 3, 2009). The court's analysis of Oklahoma's borrowing statute is lengthy and detailed, and the court's holding is clear. The court reasoned that "Oklahoma's borrowing statute, *12 O.S.2001, § 105*, is a procedural law that applies to time periods that operate upon the remedy" that may be available under state law, *Consolidated Grain & Barge*, 2009 WL 532390, at *7, and the borrowing statute "does not relate to substantive statutes of repose[,]" *id.* at *6, that is, to a party's "substantive rights to actions for damages[,]" *id.* The court concluded that

> [w]hen CGB's insurer filed this subrogation action in the Oklahoma district court on October 28, 2006, CGB's right to a damages action under Arkansas [substantive] law had been extinguished for more than a year and CGB no longer had a claim under Arkansas law. Oklahoma's procedural borrowing statute, *12 O.S.2001, § 105*, may not be construed to resurrect a foreign claim that has been extinguished by substantive law. The phrase "period of limitation" in Oklahoma's procedural borrowing statute, *12 O.S.2001, § 105*,

-4-

may not be construed to include Oklahoma's substantive ten-year limitation on construction torts, *12 O.S.2001, § 109.*

*Consolidated Grain & Barge*, 2009 WL 532390, at *7 (footnote omitted).

The parties did not discuss, and we need not decide, whether the reconstruction and repair work done by SSI on CGB's facility was "construction of an improvement to real property" within the meaning of Oklahoma's statute of repose, Okla. Stat. tit. 12, § 109. CGB raised only one issue on appeal: whether Oklahoma's borrowing statute applies to statutes of repose. Based on the Oklahoma Supreme Court's answer to the certified question, Oklahoma's borrowing statute, *id.*, § 105, cannot, in any event, be interpreted to include Oklahoma's substantive statute of repose, *id.*, § 109. As noted by the Oklahoma Supreme Court, CGB's cause of action against SSI had already been extinguished by Arkansas's five-year statute of repose when CGB filed this suit in Oklahoma.

The abatement is lifted. The judgment of the district court is AFFIRMED.

Entered for the Court

Jerome A. Holmes
Circuit Judge