McKAY, Circuit Judge, concurring in part and dissenting in part.
I join the majority’s opinion with two exceptions. First, I would settle the issue of how to classify Ms. Gibson’s malpractice claim by holding that it, coupled with her objection to Tolle & Parish’s proof of claim, constitutes a counterclaim. Second, I respectfully dissent from the opinion so far as it deals with the meaning of “notwithstanding.” I agree with the majority that the term “notwithstanding” is ambiguous as used in the statute. Therefore, to determine the meaning of the word we must consider how it is used “in the context of the statute” at issue, Consol. Grain & Barge Co. v. Structural Sys., Inc., 212 P.3d 1168, 1175 (Okla.2009), to arrive at a meaning “consistent with the real or obvious purpose of the legislative enactment,” World Pub. Co. v. White, 32 P.3d 835, 842 (Okla.2001). To resolve this ambiguity the majority has attached too much importance to a general definition of “notwithstanding,” divorced from the context in which it is used here.
The intent of the legislature in enacting this statute, as articulated in the advisory committee comments on the rule, was to “permit[ ] a defendant to assert any counterclaim that he has against the plaintiff that arose out of the transaction or occurrence that is the basis of the plaintiffs claim.... [T]he statute of limitations has no effect on the defendant’s right to recover.” Okla. Stat. tit. 12, § 2013, 1993 committee comment to Section 2013 (emphasis added). In accordance with this intent, the statute says that a counterclaim shall *983 not be barred by a statute of limitations. That is the mandate; what follows is merely a clarification. The governing limiting factor in the statute is whether there is a counterclaim, not whether the statute ran before or after the petition was filed. It makes perfect sense that the intent of the Oklahoma legislature was to preserve counterclaims “even if’ the statute of limitations had run at the time the petition was filed. See J.J. Rodale, The Synonym Finder 789 (Laurence Urdang & Nancy LaRoche eds., 1978) (listing “even if’ and “regardless of’ as synonyms of “notwithstanding”); Webster’s Collegiate Thesaurus 510 (1988) (listing “regardless of’ as a synonym of “notwithstanding”); cf. Conoco, Inc. v. Skinner, 970 F.2d 1206, 1224 (3d Cir.1992) (holding, in a different context, that “courts must discern the meaning of ‘notwithstanding’ from the legislative history, purpose, and structure of the entire statute”).
In justifying its interpretation, the majority has cited concerns that interpreting “notwithstanding” as a clarification rather than a limitation would “permit [a party] to file a counterclaim years after the corresponding claim was resolved.” Majority Op. at 982. However, in my mind, all the discussion of the evils of staleness cuts the other way; indeed, the majority’s interpretation actually preserves the stalest claims while barring the least stale. For example, imagine that P files a petition against D, who has a proper, nontime-barred counterclaim arising from the same transaction or occurrence as P’s claim, but before D can file a responsive pleading asserting her counterclaim the statute of limitations runs, barring her claim. Under the majority’s interpretation of Section 2013(C), D would now not be able to assert her claim, even though it was not stale at the time P’s claim was filed. Such an interpretation of the statute clearly “defeat[s] the real or obvious purpose of [the] legislative enactment,” TRW/Reda Pump v. Brewington, 829 P.2d 15, 20 (Okla.1992), and for that reason I cannot join this portion of the majority’s opinion. See Dean v. Multiple Injury Trust Fund, 145 P.3d 1097, 1101 (Okla.2006) (“If the statute is ambiguous or its meaning uncertain, it is to be given a reasonable construction, one that will avoid absurd consequences, if this can be done without violating legislative intent.”). It makes no sense to save the staler claims, while allowing the fresher ones to die.