**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**BAER, C.J., TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| WILLIAM KORNFEIND, | : | No. 30 EAP 2021 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | November 9, 2020 at No. 2398 EDA |
| v. | : | 2019, reversing and affirming the |
| | : | Judgment entered on April 18, 2019 |
| | : | in the Court of Common Pleas, |
| NEW WERNER HOLDING CO., INC. & | : | Philadelphia County, Civil Division at |
| THE HOME DEPOT, INC. | : | No. 04581 August Term, 2015. |
| | : | |
| | : | ARGUED:  April 12, 2022 |
| APPEAL OF:  NEW WERNER HOLDING | : | |
| CO., INC. | : | |

## OPINION

**JUSTICE MUNDY**                                        **DECIDED:  August 16, 2022**

We granted allowance of appeal to consider whether the Pennsylvania Uniform Statute of Limitations on Foreign Claims Act, 42 Pa.C.S. § 5521(b), requires our courts to apply—or "borrow"—a foreign jurisdiction's statute of repose to a claim that has accrued in a foreign jurisdiction.  Section 5521, which is also referred to as the "borrowing statute," provides:

> **§ 5521. Limitations on foreign claims**
>
> **(a) Short title of section.**—This section shall be known and may be cited as the "Uniform Statute of Limitations on Foreign Claims Act."
>
> **(b) General rule.**—The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim

accrued or by the law of this Commonwealth, whichever first bars the claim.

**(c) Definition.**—As used in this section "**claim**" means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

42 Pa.C.S. § 5521. Because we agree with the lower courts that the Uniform Statute of Limitations on Foreign Claims Act does not require the application of a foreign jurisdiction's statute of repose, we affirm the portion of the order of the Superior Court that affirmed the trial court order denying the motion for summary judgment filed by Appellant New Werner Holding, Co., Inc. (New Werner).

## I. FACTUAL AND PROCEDURAL HISTORY

On September 6, 2013, Appellee William Kornfeind was injured when he fell from a 28-foot extension ladder while performing maintenance work on the roof of his home in Wauconda, Illinois. He averred that the top portion of the extension ladder unexpectedly slid or telescoped downward while he was on it, causing him to fall to the ground. Am. Compl., 7/19/17, at 8, ¶¶ 27-29. As a result, Kornfeind sustained numerous injuries, including spinal injuries that rendered him tetraplegic. *Id.* at 8, ¶ 30.

The ladder was designed, manufactured, and distributed by Old Ladder Company (Old Ladder) in 1995. *Id.* at 7, ¶ 20; New Werner's Mot. for Summ. J., 1/7/19, at 2. Kornfeind believed he purchased it from The Home Depot (Home Depot) in Illinois sometime in the late 1990s. *Id.* at Ex. A., Kornfeind's 5/8/18 Dep., at 134. Old Ladder filed for bankruptcy in 2006. *Id.* at 2-3. In 2007, New Werner purchased certain assets of and assumed certain liabilities from Old Ladder. *Id.* at 2.

On September 3, 2015, Kornfeind commenced this action in the Philadelphia Court of Common Pleas by filing a praecipe for a writ of summons, followed by a May 26, 2017

complaint, and a July 19, 2017 amended complaint.[1]   In the amended complaint,

Kornfeind asserted causes of action for product liability and negligence against several

defendants, including New Werner, as the owner of the product line, and Home Depot,

as the seller of the ladder.[2]   Regarding his product liability claims, Kornfeind's theory was

that the ladder was defectively designed because it did not include a "Quick Latch" safety

component that a competitor ladder company had invented.   Kornfeind's Resp. to New

Werner's Mot. for Summ. J., 2/6/19, at 3.

After the close of discovery, New Werner and Home Depot each filed motions for

summary judgment.   As relevant to this appeal, they both asserted the trial court should

utilize Pennsylvania's Uniform Statute of Limitations on Foreign Claims Act to borrow

Illinois' ten-year statute of repose for product liability claims, 735 ILCS 5/13-213(b), which

provides:

> (b) Subject to the provisions of subsections (c) and (d) no product liability
> action based on the doctrine of strict liability in tort shall be commenced
> except within the applicable limitations period and, in any event, within 12
> years from the date of first sale, lease or delivery of possession by a seller
> or 10 years from the date of first sale, lease or delivery of possession to its
> initial user, consumer, or other non -seller, whichever period expires earlier,
> of any product unit that is claimed to have injured or damaged the plaintiff,
> unless the defendant expressly has warranted or promised the product for
> a longer period and the action is brought within that period.

735 ILCS 5/13-213(b) (effective 1/01/91 to 3/8/95).[3]   They argued that because Kornfeind

admitted in his deposition that he purchased the ladder in the late 1990s, the latest he

---

[1] The case was placed on deferred status due to Old Ladder Co.'s bankruptcy.  In 2017, the automatic stay was lifted, and the case returned to active status.

[2] The parties stipulated to the dismissal of Kornfeind's claims against Menard, Inc. and Sears Roebuck & Co., which had asserted that Menard or Sears sold the ladder.

[3] As the Superior Court noted, Illinois' 1995 Tort Reform Act amended the statute of repose to apply to any theory of liability, not just strict product liability claims.  However, in 1997, the Illinois Supreme Court held the Tort Reform Act was void in its entirety since certain provisions were contrary to the Illinois constitution and were not severable from

could have purchased it was on December 31, 1999, which was more than ten years before he filed suit in 2015. As Kornfeind's product liability claims would be time-barred by the Illinois statute of repose and Pennsylvania does not have a statute of repose for product liability claims, New Werner and Home Depot argued that the Pennsylvania borrowing statute required the trial court to apply the shorter Illinois statute of repose and dismiss Kornfeind's product liability claims as untimely.[4]

The trial court denied both motions for summary judgment. It reasoned that, as a matter of law, Pennsylvania's borrowing statute "is explicitly limited to statutes of limitations and does not include statutes of repose." Trial Ct. Op., 9/24/18, at 5. It emphasized that the plain language of the borrowing statute applied only to statutes of limitations, highlighting that the title itself, the "'Uniform *Statute of Limitations* on Foreign Claims Act,' precludes its application to statutes of repose." *Id.* (emphasis in original) (citing 42 Pa.C.S. § 5521(a)). Further, it explained the "intent of the [borrowing statute] is to prevent forum shopping for a jurisdiction that affords greater rights or a longer statute of limitations, not to dismiss cases that were timely filed within the statute of limitations of both states." *Id.* at 6.

---

the act's remaining provisions. *Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1105 (Ill. 1997). Under Illinois law, if an act is "unconstitutional in its entirety, the state of the law is as if the act had never been enacted, and the law in force is the law as it was before the adoption of the unconstitutional amendment." *Cassidy v. China Vitamins, LLC*, 89 N.E.3d 944, 950 (Ill. App. Ct. 2017) (applying a pre-1995 version of a statute amended by the 1995 Tort Reform Act and held unconstitutional by *Best*). Accordingly, the pre-1995 version of subsection 5/13-213(b) is potentially applicable through the borrowing statute.

[4] In the alternative, New Werner and Home Depot argued that the trial court should engage in a choice of law analysis and apply the substantive law of Illinois, which included its statute of repose. That choice of law argument is not before this Court in this appeal.

The trial court subsequently denied New Werner and Home Depot's motions to certify the interlocutory orders for immediate appeal pursuant to 42 Pa.C.S. § 702(b). New Werner and Home Depot then filed a timely joint petition with the Superior Court for permission to appeal pursuant to Pa.R.A.P. 1311(a), which the Superior Court granted.

The Superior Court affirmed the trial court order denying summary judgment to New Werner in a unanimous published opinion.[5] *Kornfeind v. New Werner Holding Co., Inc.*, 241 A.3d 1212, 1215 (Pa. Super. 2020). On appeal, New Werner argued that the phrase "period of limitations" in the Pennsylvania borrowing statute should be interpreted to include statutes of repose as well as statutes of limitation, which the Superior Court identified as an issue of first impression. *Id.* at 1219. The Superior Court explained that it reviews a denial of summary judgment for errors of law or abuse of discretion. *Id.* at 1216. Further, the court noted that statutory interpretation of the borrowing statute was a question of law over which it had a *de novo* standard of review and a plenary scope of review. *Id.* at 1219-20. The Superior Court acknowledged that the goal of statutory interpretation is to give effect to the legislature's intent, the best indication of which is the plain language of the statute. *Id.* at 1220. The court noted that it must apply unambiguous statutory language; however, if the statute was ambiguous, then the court would look to the Statutory Construction Act, 1 Pa.C.S. § 1921(c), to determine the legislature's intent. *Id.*

The Superior Court noted that while both statutes of repose and statutes of limitations impose temporal limitations on liability, they are distinct in how the time periods are measured and in their policies. *Id.* (quoting *Dubose v. Quinlan*, 173 A.3d 634, 643-

_____

[5] The Superior Court also concluded the trial court erred in denying Home Depot's motion for summary judgment because Kornfeind did not produce sufficient evidence that he purchased the ladder from Home Depot. *Kornfeind*, 241 A.3d at 1218. That portion of the Superior Court's decision is not at issue in this appeal.

45 (Pa. 2017)). A statute of limitation begins to run when the plaintiff's claim accrues, while a statute of repose begins to run from the defendant's last culpable act. *Id.* As such, a "statute of repose limit is 'not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered.'" *Id.* (quoting *Dubose*, 173 A.3d at 643-45). Further, while the statutes have similar policies, a statute of limitation encourages a plaintiff to diligently pursue claims and precludes a plaintiff's revival of stale claims, and a statute of repose represents a legislative judgment that a defendant should not be subject to liability after a certain time. *Id.* at 1221. The Superior Court added that "statutes of limitations are a form of procedural law that bar recovery on an otherwise viable cause of action. Conversely, statutes of repose operate as substantive law by extinguishing a cause of action outright and precluding its revival." *Id.* (quoting *Graver v. Foster Wheeler Corp.*, 96 A.3d 383, 387 (Pa. Super. 2014)).

Turning specifically to the borrowing statute, the Superior Court initially agreed with New Werner that the temporal phrase "period of limitation" standing alone is broad enough to refer to either a statute of limitations or a statute of repose. *Id.* However, in the context of the borrowing statute, "[t]he legislature's use of the phrase 'period of limitation' in connection with the phrase 'applicable to a claim accruing outside this Commonwealth,' suggests that the legislature intended to include only statutes of limitations and not statutes of repose because only statutes of limitations are related to accrual of a claim." *Id.* at 1221-22.

Nonetheless, the Superior Court identified "some ambiguity" in the borrowing statute because "it is reasonably conceivable that once the claim accrued and the lawsuit was instituted[,] the legislature intended to apply any period of limitation to the claim." *Id.* at 1222. The Superior Court resolved this ambiguity by relying mainly on the short title of the borrowing statute: the "Uniform **Statute of Limitations** on Foreign Claims Act." *Id.*

(emphasis in original) (quoting 42 Pa.C.S. § 5521(a)). It was significant, in the court's view, that the legislature included the legal term of art "statute of limitations" in the short title and referred to accrual in the operative subsection. *Id.* The Superior Court dismissed New Werner's citation to other states' precedent holding that their borrowing statutes included statutes of repose because their borrowing statutes were materially different from the Pennsylvania borrowing statute. *Id.* at 1223 n.6 (distinguishing the borrowing statutes of Delaware, California, Illinois, New York, Wisconsin, and Texas).

Instead, the Superior Court was persuaded by an Oklahoma Supreme Court case as Oklahoma was one of only two other jurisdictions that had adopted the Uniform Statute of Limitations on Foreign Claims Act and the only jurisdiction to decide whether it included statutes of repose. *Id.* at 1224 (noting West Virginia also adopted the uniform statute but had not decided whether it included statutes of repose); *see also* 1 Pa.C.S. § 1927 (providing uniform statutes should be interpreted consistent with other states' interpretations); *Sternlicht v. Sternlicht*, 876 A.2d 904, 911 (Pa. 2005) (providing that other states' interpretations of uniform laws must be considered and given "great deference"). In that case, the Oklahoma Supreme Court held that the phrase "period of limitations" in its borrowing statute did not include statutes of repose. *Consolidated Grain & Barge Co. v. Structural Sys., Inc.*, 212 P.3d 1168, 1175-76 (Okla. 2009). That court reasoned that because the borrowing statute contained the concept of accrual and the title contained the phrase "statutes of limitation," it "suggest[ed] intent to provide a time period that operates on the [procedural] remedy and not on the [substantive] right to an action for damages." *Id.* at 1175. Therefore, the Oklahoma Supreme Court concluded that its borrowing statute "is a procedural law that applies to time periods that operate upon the remedy" and did not include statutes of repose. *Id.*

The Superior Court reiterated that, similar to Oklahoma, Pennsylvania regards statutes of limitation as procedural laws that bar a plaintiff's right to a remedy, while statutes of repose are substantive laws that "'extinguish a party's cause of action upon the expiration of the time period.'" *Kornfeind*, 241 A.3d at 1225 (quoting *City of Phila. v. City of Phila. Tax Review Bd. ex rel. Keystone Health Plan E., Inc.*, 132 A.3d 946, 952 (Pa. 2015)). Thus, the Superior Court found persuasive *Consolidated Grain*'s analysis of Oklahoma's substantively similar borrowing statute.[6] This, plus our statute's reference to accrual, its short title, and the purpose of the uniform law, persuaded the Superior Court that "the Pennsylvania legislature intended the phrase 'period of limitation' in Pennsylvania's borrowing statute to include only statutes of limitations, not statutes of repose." *Id.* Accordingly, the Superior Court affirmed the trial court's order denying New Werner summary judgment.

## II. ISSUES AND STANDARD OF REVIEW

This Court granted New Werner's petition for allowance of appeal to consider the following issue:

> Does the phrase "period of limitation" in Pennsylvania's borrowing statute, 42 Pa.C.S. § 5521, encompass statutes of repose of foreign jurisdictions?

*Kornfeind v. New Werner Holding Co., Inc.*, 264 A.3d 334 (Pa. 2021) (per curiam).

As this issue presents a pure legal question of statutory interpretation, our standard of review is *de novo*, and our scope of review is plenary. *MERSCORP, Inc. v. Del. County*, 207 A.3d 855, 861 (Pa. 2019). In construing a statute, a court must give effect to the legislature's intent and to all the statute's provisions. 1 Pa.C.S. § 1921(a). The

---

[6] The Superior Court noted that Oklahoma's borrowing statute applies the period of limitation that is longer, which differs from Pennsylvania's borrowing statute, but the court maintained this deviation was not relevant to the Oklahoma Supreme Court's analysis and was not relevant to the Superior Court's comparison. *Kornfeind*, 241 A.3d at 1224 n.8; 1225 n.9.

statute's plain language is the best indicator of the legislature's intent. *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 234 A.3d 665, 674 (Pa. 2020). To ascertain the plain meaning, we consider the operative statutory language in context and give words and phrases their common and approved usage. *Id.* Courts must give effect to a clear and unambiguous statute and cannot disregard the statute's plain meaning to implement its objectives. *Id.* "A statute is ambiguous when there are at least two reasonable interpretations of the text." *A.S. v. Pa. State Police*, 143 A.3d 896, 905-06 (Pa. 2016). "Only if the statute is ambiguous, and not explicit, do we resort to other means of discerning legislative intent." *Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.*, 185 A.3d 282, 291 (Pa. 2018). When a statute is ambiguous, courts apply the factors in the Statutory Construction Act to discern the legislature's intent. 1 Pa.C.S. § 1921(c).

## III. "PERIOD OF LIMITATION" AS USED IN THE UNIFORM STATUTE OF LIMITATIONS ON FOREIGN CLAIMS ACT, 42 PA.C.S. § 5521

### A. PARTIES' ARGUMENTS

New Werner argues that the plain language of the borrowing statute resolves this case. New Werner's Brief at 15. Contrary to the Superior Court, Appellant does not view the statute as ambiguous. In New Werner's view, "[t]he plain language of the borrowing statute draws no distinction between statutes of repose and statutes of limitation. Rather, by its plain terms the borrowing statute looks only to whether the claim in question is time-barred by the laws of the state in which the claim accrued[.]" *Id.* In the context of the borrowing statute, New Werner contends accrual refers to where the claim accrued, not when it accrued. Thus, because Kornfeind's claim accrued in Illinois, then the borrowing statute provides that Illinois' "period of limitations" applies, including Illinois' statute of repose, which bars Kornfeind's claim.

New Werner criticizes the Superior Court for finding the phrase "period of limitation" ambiguous and then looking to the phrase "applicable to a claim accruing outside this Commonwealth." *Id.* at 15-16. New Werner argues that the phrase "period of limitation" is not restricted or modified by the phrase relating to accrual. Because the accrual phrase focuses on where the claim accrued (and not when), New Werner maintains the Superior Court's conclusion is erroneous. *Id.* at 16; *see also id.* at 17 (positing "the statute's two references to accrual are made in the context of *the place of accrual*, not when a claim accrued." (emphasis in original)). Instead, New Werner reads the phrase "period of limitation" as plainly meaning any limitations period on an action, including statutes of limitation and statutes of repose. *Id.* at 19.

Alternatively, New Werner argues that even if the phrase is ambiguous, we should resolve that ambiguity by considering the 1 Pa.C.S. § 1921(c) factors, which include "the occasion and necessity for the statute or rule, the mischief to be remedied, and the object to be attained." *Id.* at 21 (quoting 1 Pa.C.S. § 1921(c)(1), (3), (4)). New Werner emphasizes that the Superior Court has expressed the borrowing statute "unequivocally evince[s] the legislative intent to prevent a plaintiff who sues in Pennsylvania from obtaining greater rights than those available in the state where the cause of action arose." *Id.* (quoting *Gwaltney v. Stone*, 564 A.2d 498, 500-01 (Pa. Super. 1989)). Based on this clear intent, New Werner asserts the Superior Court erred in relying instead on the "short title" of the statute to resolve the ambiguity. *Id.* at 22. New Werner argues that the title of a statute is not dispositive under 1 Pa.C.S. § 1924, and should not be relied on when it conflicts with the plain language and legislative intent. *Id.* According to New Werner,

the Superior Court's holding "encourages the very forum shopping that the borrowing statute seeks to prevent."[7]  *Id.* at 23.

Lastly, New Werner criticizes the Superior Court's reliance on *Consolidated Grain* because the Oklahoma borrowing statute is materially different from Pennsylvania's borrowing statute, in that Oklahoma applies the period of limitation that "last bars the claim," which is not uniform with Pennsylvania's borrowing statute mandating the earliest time-bar.  *Id.* at 25.  New Werner notes that "a plaintiff who sues in Oklahoma can obtain greater rights than those available in the state where the cause of action arose," which is the opposite of the purpose of Pennsylvania's borrowing statute.  *Id.* at 25.  Because of this nonuniformity, New Werner contends that the Superior Court improperly relied on Section 1927 of the Statutory Construction Act.  *Id.*  For these reasons, New Werner maintains this Court should reverse the Superior Court and hold that the phrase "period of limitation" in the borrowing statute includes foreign jurisdictions' statutes of repose.

In advocating for affirmance of the Superior Court's decision, Kornfeind also asserts the plain language of the borrowing statute supports his position that it does not apply to statutes of repose.  Kornfeind, however, claims that the phrase "period of limitation" in conjunction with "applicable to a claim accruing outside this Commonwealth" shows that it applies only to statutes of limitations and not to statutes of repose.  Kornfeind's reasoning mirrors the Superior Court's – only statutes of limitations are related to accrual, while statutes of repose extinguish a claim regardless of whether the

---

[7] Amici Curiae Philadelphia Association of Defense Counsel and the Pennsylvania Defense Institute, Inc. argue that because the plain language of the statute does not exclude statutes of repose, this Court should interpret the ambiguous language to include statutes of repose because that is most consistent with the purpose of the borrowing statute, *i.e.*, to discourage forum shopping.  Amici Brief at 10.

cause of action has accrued.[8]  Kornfeind's Brief at 11.  Because the borrowing statute uses "statute of limitations" and "accrued," but not "repose," Kornfeind maintains its plain terms apply only to statutes of limitations.  *Id.* at 12-13.

Alternatively, Kornfeind argues that if we find "period of limitation" is ambiguous, we should adopt the Superior Court's analysis and invocation of the borrowing statute's short title to resolve the ambiguity.  *Id.* at 13 (citing 1 Pa.C.S. § 1924 (providing the title of a statute may be used to aid in its construction)).  Because the short title uses "statute of limitations," a legal term of art, Kornfeind maintains it applies to only foreign statutes of limitations.  *Id.* at 14.  Kornfeind further notes that the omission of "statute of repose" is proof that it applies only to statutes of limitation.  *Id.*  Further, Kornfeind endorses the Superior Court's discussion of *Consolidated Grain* because the Oklahoma borrowing statute is substantively similar to ours in that both use the term "period of limitation" in conjunction with "accrual."  *Id.* at 21-22.  Like the Superior Court, Kornfeind views the difference in selecting the period that last bars the claim as immaterial to the interpretation of the operative terms.  *Id.* at 22.  Accordingly, Kornfeind maintains this Court should affirm the Superior Court and hold the borrowing statute does not encompass foreign statutes of repose.

## B.  ANALYSIS

Although never addressed by this Court, Pennsylvania has had some form of a borrowing statute for over a century.  The first borrowing statute, enacted in 1895, provided:

> When a cause of action has been fully barred by the laws of the State or country in which it arose, such a bar shall be a complete defense to an action thereon brought in any of the courts of this Commonwealth.

---

[8] Amicus Curiae the Pennsylvania Association for Justice similarly advocates affirming based on the Superior Court's reasoning.  Amicus Brief at 4.

Act of June 26, 1895, P.L. 375, 12 P.S. § 39 (repealed Apr. 28, 1978, P.L. 202, No. 53). It remained in effect until the enactment of the Judiciary Act of 1976 and subsequent Judiciary Act Repealer Act of 1978 substituted the current borrowing statute, which was "[p]atterned after [the] Uniform Statute of Limitations on Foreign Claims Act [of 1957]." 42 Pa.C.S. § 5521, Bar Ass'n Comment; *see also* Pa. Bar Ass'n Judicial Code Explanation, Title 42 (stating "[t]he language of the Uniform Statute of Limitations on Foreign Claims Act has been substituted for the borrowing statute."). As set forth above, the current Section 5521 provides:

### § 5521. Limitations on foreign claims

**(a) Short title of section.**—This section shall be known and may be cited as the "Uniform Statute of Limitations on Foreign Claims Act."

**(b) General rule.**—The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim.

**(c) Definition.**—As used in this section "**claim**" means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

42 Pa.C.S. § 5521.

Turning to the issue before this Court, we conclude that the plain language of Section 5521 does not encompass a foreign jurisdiction's statute of repose. Section 5521's use of "period of limitation" coupled with "claim" and "accruing" evinces the legislature's intent to borrow only a foreign jurisdiction's statute of limitations when the foreign jurisdiction's statute of limitations would first bar a claim. Section 5521 employs language associated exclusively with statutes of limitation. Statutes of limitation begin to run when a claim accrues. *Vargo v. Koppers Co., Inc., Eng'g & Constr. Div.*, 715 A.2d

423, 425 (Pa. 1998). In contrast, statutes of repose begin to run "from the date of the last culpable act or omission of the defendant." *Dubose v. Quinlan*, 173 A.3d 634, 644 (Pa. 2017) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014)). As such, a statute of repose is not dependent upon the accrual of any claim. *Id.* Accordingly, we agree with the Superior Court that Section 5521's reference to "[t]he period of limitation applicable to a claim accruing outside this Commonwealth" plainly encompasses only statutes of limitation and not statutes of repose. *See Kornfeind*, 241 A.3d 1212, 1221-22.

Moreover, given that borrowing statutes are aimed at remedying a choice of law problem that occurs when a claim accrues outside of the forum state, it is significant that statutes of limitation and statutes of repose are treated differently in the conflicts of law context. Under Pennsylvania law, a statute of limitations is considered procedural because it "extinguishes the remedy rather than the cause of action[,]" whereas a statute of repose is "substantive and extinguishes both the remedy and the actual cause of action." *Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Korach)*, 883 A.2d 579, 588 n.11 (Pa. 2005) (citation omitted). As a general rule, Pennsylvania applies its own procedural law when it is the forum state. *Commonwealth v. Sanchez*, 716 A.2d 1221, 1223 (Pa. 1998); *see also Commonwealth v. Eichinger,* 915 A.2d 1122, 1133 (Pa. 2007) (recognizing "[i]t is a fundamental principle of conflicts of laws that a court will use the procedural rules of its own state."). A dispute concerning the applicable substantive law, however, leads to a choice of law analysis based on the policies and interests of the jurisdictions involved. *Griffith v. United Air Lines, Inc.*, 203 A.2d 796, 805 (Pa. 1964). Given these principles, there is a potential risk of forum shopping if Pennsylvania's statute of limitations, as a procedural rule, applies to permit a claim that is time-barred by the jurisdiction in which it accrued.

The plain language of Section 5521(b) is clear that it was intended to remedy such a scenario by borrowing a foreign state's shorter statute of limitations, despite Pennsylvania's general rule that it always applies its procedural law. *Accord* Owen & Davis on Products Liability § 24:9 (explaining "[b]ecause the traditional characterization of statutes of limitations as procedural has been known to encourage forum shopping, states have enacted borrowing statutes which borrow the statute of limitations of another state, usually where the cause of action arose, accrued[,] or originated.") (footnotes omitted). On the other hand, because Pennsylvania treats statutes of repose as substantive law, Pennsylvania's longer repose period will never automatically apply when it is serving as the forum state. Instead, when Pennsylvania's longer repose period is in conflict with a foreign jurisdiction's shorter repose period, as it is in this case, a Pennsylvania court will conduct a choice of law analysis. There is no indication in the plain language of Section 5521 that it intended to borrow the substantive law of another state or circumvent a choice of law analysis. Such concerns are plainly beyond the scope of Section 5521. *See Commonwealth v. Johnson*, 26 A.3d 1078, 1090 (Pa. 2011) (stating "as a matter of statutory interpretation, although one is admonished to listen attentively to what a statute says; one must also listen attentively to what it does not say.") (quoting *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 788 A.2d 955, 962 (Pa. 2001)).

For these reasons, we conclude the plain language of Section 5521 does not encompass a foreign jurisdiction's statute of repose. Accordingly, the order of the Superior Court that affirmed the denial of New Werner's motion for summary judgment is affirmed.

Jurisdiction relinquished.

Chief Justice Baer and Justices Todd, Dougherty, Wecht and Brobson join the opinion.

Justice Donohue did not participate in the consideration or decision of this matter.